CRUSON ET AL. VS. WHITLEY.

There is no place for the functions of a Special Judge of the Circuit Court to be exerted until the regular term of the court is opened, by the lawful Judge thereof, for the despatch of business; and no presumption will be indulged in favor of the regularity of the proceedings over which a Special Judge presides, unless they appear to have been had in the regular progress of the business of the Circuit Court.

A Special Judge can have no authority to preside in a cause *originating* before him.

*Appeal from a decree purporting to have been made by the Hon. WILLIAM W. FLOYD, as Special Judge of the Circuit Court of Franklin county.*

S. F. CLARK for appellant.

A Special Judge has no authority to try any case not contained in his commission. See *Pamphlet Acts of* 1848, *p.* 53.

Mr. Justice SCOTT delivered the opinion of the Court.

These proceedings purport, in the caption of the transcript, to have been, " Pleas before the Hon. WILLIAM W. FLOYD, Special Judge of the Circuit Court, within and for the county of Franklin, in the State of Arkansas, duly commissioned to try certain causes therein pending." They purport to have been had on the 13th of September, 1856, and by original bill in chancery for injunction, addressed to said Floyd by that precise description. The bill appears to have been sworn to the day before, before the clerk of that Circuit Court, and on the day when these supposed pleas were had, was filed in the supposed Court in which Judge Floyd seems to have been the presiding minister of the law: whereupon the parties defendants seem to have immediately appeared in proper person, entered their

appearance to the bill, and admitting legal notice of the intended application for injunction, but " entering their objection to the jurisdiction of the presiding judge to try this cause, agreed, etc.; * * * that the complainant's bill should be taken *pro confesso* against them, and set for hearing *now* upon said bill as confessed; and, thereupon, the complainant, etc.; * * * this cause now comes on to be heard upon the bill of complaint as confessed, the defendants reserving all exceptions to the equity of the bill, and to the authority of the presiding judge to try the same," etc.; whereupon Judge Floyd proceeded to decree the relief prayed, and granted the defendants an appeal to this court. A transcript of which proceedings is certified by the clerk of the Circuit Court of Franklin county, under the seal of that court; and it is thus that the matter is presented here.

It nowhere appears in this transcript, either directly, from an entry of record to that effect, or indirectly, from the recorded transaction of business in that Court, that the regular September term, for A. D. 1856, of the Circuit Court for the county of Franklin, was ever opened, by the lawful judge thereof, for the despatch of business. Until this was done, there was no place for the functions of a special judge to be exerted. Until then, there was no court for him to preside in on the trial of any cause pending therein, which he might have been commissioned to hear and determine. The law provides for no independent special Circuit Court for him to open and preside in, for the despatch of business, but simply that he should hear and determine, in the only Circuit Court known to the constitution and statutes, a particular cause, or the causes generally therein pending and undetermined, upon the " trial " of which, the regular judge may be incompetent to preside, and has so certified to the Executive, who is to commission a special judge for this purpose. His functions begin where those of the circuit judge end. He is but an incident of the Circuit Court, to perfect what the circuit judge, in his Court, has begun, but is legally incompetent to complete.

Hence, when the proceedings, over which he appears in the

record to have presided, thus appear to have been had in the regular progress of the business of the Circuit Court, opened for the despatch of business, by the judge thereof, at the time and place appointed by law, those proceedings are none other than the proceedings of the Circuit Court, and the usual presumptions of law in favor of the regularity of the proceedings of the Circuit Court must be indulged in their favor also. But when they purport to be the proceedings of a special tribunal, with limited powers, to end when exerted upon the subject of special jurisdiction, the rule has no application; but regularity must be shown upon the face of the proceedings. Upon the face of these, they appear to have been had before a special judge of the " Circuit Court " for Franklin county, " duly commissioned to try certain causes therein *pending;*" and yet these proceedings appear, distinctly, to have *originated* before this special judge — the bill in chancery, in which they begin, purporting to be addressed to him, and was originally filed in his supposed Court—and could not, therefore, have been a case *pending* in the Circuit Court of Franklin county, as those cases were which he was commissioned to try.

If these proceedings had come to this Court upon a record that would have authorized us to regard them as the proceedings of the Circuit Court of Franklin county, it would have required more than the shutting of one eye, as to the record, and a very lively imagination outside of it, to have enabled us, in the face of matters that we must judicially know, to presume that this cause could have been certified to the Governor by the Circuit Judge, and the alleged Special Judge commissioned to try it, even if his alleged commission had been a general one to try all causes pending in that Court, in which the Circuit Judge was incompetent to preside, instead of specially to try " certain causes therein pending," which, in support of the regularity of the proceedings of the Circuit Court, we must presume had been certified *eo nomine.*

To suppose color for the presumed authority of the Special Judge, upon the face of this record, and hence hold him a judge

*de facto*, and not a mere *usurper*, as he manifestly was upon the facts here disclosed, would, in our opinion, be going a great way. On the contrary, we think these proceedings were without color of authority, and are absolutely void. We shall, therefore, according to precedent here, dismiss this appeal, leaving the parties interested to seek a quashal of them by the usual process, if they should think such a course desirable. But the officers of this Court must recover their costs from the appellant.