REED v. BRADFORD.

Opinion delivered December 15, 1919.

1. JUDGES—SPECIAL COUNTY JUDGE.—Where a county judge did not certify his disqualification to the Governor, as required by Constitution, article 7, section 36, a commission issued by the Governor, based upon affidavits of citizens, was not properly issued.

2. JUDGES—EFFECT OF COMMISSION TO SPECIAL JUDGE.—The Governor's commission issued to a special county judge on account of the alleged disqualification of the regular judge is not conclusive evidence of the appointee's legal authority where the regular judge refused to disqualify himself and continued to hold court.

3. JUDGES—SPECIAL JUDGE AS DE FACTO OFFICER.—Where the regular judge of the county court is present assuming to act in a particular case, there can be no de facto special county judge presiding at the same time.

4. CERTIORARI—VOID JUDGMENT.—A judgment rendered by a special county judge which is void upon its face because the special judge was commissioned by the Governor without the regular judge certifying his disqualification, as required by Constitution, article 7, section 36, is subject to attack on certiorari, although a remedy by appeal is also available.

Appeal from Howard Circuit Court; James S. Steel. Judge; affirmed.

D. B. Sain and T. D. Crawford, for appellants.

1. It was improper to join certiorari and prohibition, two different causes of action. Kirby's Digest, § 6079. Certiorari does not lie, because the record shows no error on its face.

2. Prohibition does not lie to try title to an office. Kirby's Digest, § 5157; 33 Ark. 191. Judge Butt was acting as special judge under a commission from the Governor, and he was at least de facto judge, and his acts can not be collaterally questioned. 55 Ark. 81; 43 Id. 243; 24 Id. 476; 52 Id. 356. See also 38 Id. 150, 158; 50 Miss. 607; 43 N. W. 572; High, Ext. Rem. § 767 b; 57 N. W. 1105; 15 So. Rep. 434.

3. Prohibition does not lie where there is an adequate remedy at law. 96 Ark. 332; 66 Ark. 211. The remedy was by appeal. 77 Id. 148.

*W. P. Feazel,* for appellee.

1. Appellant's contention as to misjoinder was waived when he answered without moving to strike, or to require appellee to elect. 112 Ark. 20; Kirby's Digest, secs. 6081, 6082; 86 Ark. 130; 87 *Id.* 307. It was too late to raise the question of misjoinder here.

2. This is not a suit to try title to office, and prohibition lies. Judge Butt was not legally appointed until Judge Dillard had certified his disqualification to the Governor. There can be no *de facto* officer so long as there is a *de jure* officer present and performing the functions of the office. 112 Ark. 293; 29 Cyc. 1391. *Quo warranto* was not the proper remedy here. 27 Ark. 13; Kirby's Digest, § 7981.

3. Butt was neither an officer *de facto* nor *de jure,* and his order was without jurisdiction. No appeal would lie. 87 Ark. 313; 77 *Id.* 334.

4. Appellees did plead to the jurisdiction as a defense, and only Judge Dillard was authorized to try the case, and he was not disqualified. 61 Ark. 88. The findings in the record proper will prevail over the recitals of a bill of exceptions. 72 Ark. 320; 39 *Id.* 254. The findings here are not sustained by the evidence, and not conclusive on this court. 42 Ark. 126; 39 *Id.* 254. A special judge must be elected as provided by the Constitution or his orders are *coram non judice* and void. Courts have power to inquire whether even the Governor has or has not acted in violation of the Constitution. 24 Ark. 168; 46 *Id.* 324; 132 *Id.* 391.

*D. B. Sain* and *T. D. Crawford,* for appellants, in reply.

1. The judgment entered by Judge Butt was not void on its face. There was nothing on its face to show its invalidity. Judge Butt's commission shows that the disqualification of Judge Dillard was "duly certified" to the Governor. Nothing in the record would have shown that the appointment was irregular. The record of the court is conclusive. Kirby's Digest, § 1316. See *Countz* v. *Markling,* 30 Ark. 17; *Hickey* v. *Matthews,* 43 Ark. 344.

2. Judge Butt was a *de facto* judge, since he was acting under a commission regular on its face. The trial judge held that the regular county judge was disqualified, and yet that he was *de jure* entitled to sit in cause. The two propositions are not reconcilable.

3. While the circuit court directed the clerk to issue a writ of *certiorari* to the clerk of the county court, no response was ever filed and no order was ever made quashing the judgment of the county court. On that branch of the case there is nothing before this court for adjudication. *Derton* v. *Boyd,* 21 Ark. 264; *Dicus* v. *Bright,* 23 Ark. 107. See 30 Ark. 148; 30 *Id.* 532; 58 Ark. 250; 33 Ark. 17. Since no judgment of the circuit court was entered, this court has no jurisdiction to affirm such a judgment.

McCULLOCH, C. J. Appellees filed in the cirucit court of Howard County their petition for writ of *certiorari* to bring up and quash a judgment of the county court, rendered by J. S. Butt, as special judge, opening a public road from Mineral Springs to the intersection of another road between Mineral Springs and Nashville; and they also prayed for a writ of prohibition to restrain said special judge from proceeding further in the enforcement of said judgment. On the hearing of the matter in the circuit court the relief prayed for was granted, and an appeal has been prosecuted to this court.

Appellants and certain other citizens and property owners filed in the county court their petition in due form praying for the opening of a public road along the route indicated. Appellees appeared in the county court, and were made parties to the proceedings. The county court, on June 2, 1919, S. F. Dillard, the regular judge of the court presiding, made an order appointing viewers and directed notice to be given to owners of land to appear in court on June 9th, for the hearing on the petition and report of the viewers. The court was, however, adjourned for the term, and the matter came on for hearing

on the first day of the regular July term. In the meantime, certain interested property owners presented to the Governor their affidavit stating that Judge Dillard was disqualified by reason of being interested in the proceedings for the opening of the road, and the Governor issued a commission to J. S. Butt as special judge of the county court to preside in that court on the trial of the matter. The commission recites that it had been duly certified to the Governor, in accordance with law, "that S. F. Dillard, judge of the county court in and for the county of Howard, is disqualified to preside at the trial," etc. In the trial of the present cause it is shown that Judge Dillard had not certified to the Governor his disqualification.

On the first Monday in July appellants and the other petitioners for the road appeared in the county court before Judge Dillard, the regular judge presiding, and announced that they would not enter into a trial of the cause before Judge Dillard for the reason that he was disqualified. Judge Dillard decided that he was not disqualified, and, the petitioners still refusing to proceed further, the court dismissed the petition for want of prosecution. This occurred during the forenoon, and at noon Judge Dillard announced a recess of the court and left the bench. During the noon recess J. S. Butt, assuming to act as such special judge of the court, took the bench and, without counsel on either side being present, pronounced an order reinstating the cause which had been dismissed by the court during the forenoon. He also ordered an adjournment of the court to the next day (July 8) for the purpose of hearing the cause. After the noon recess Judge Dillard reappeared and ordered an adjournment of the court to July 14. Judge Butt appeared in the court room on July 8th, and proceeded to hear the cause, and made the order in controversy in favor of the petitioners for the opening of the road.

Prior to this time the Governor had issued a commission to J. S. Butt as such special judge in this cause, but inasmuch as Judge Butt did not act under that commis-

sion, and decided himself that that commission had been prematurely issued and was void, it is not material in the consideration of the present controversy.

The contention of appellants is, in the first place, that the commission issued to Judge Butt by the Governor constituted him judge *de jure,* that it is conclusive evidence of his authority to act as such, and that his title can not be questioned except by the State in *quo warranto* proceedings. It is not true that J. S. Butt was a judge *de jure,* for his commission was issued without the necessary prerequisite of a certificate of disqualification by the regular judge. The Constitution (article 7, section 36) provides as follows:

"Whenever a judge of the county or probate court may be disqualified from presiding in any cause or causes pending in his court, he shall certify the facts to the Governor of the State, who shall thereupon commission a special judge to preside in such cause or causes during the time said disqualification may continue, or until such cause or causes may be finally disposed of."

Judge Dillard did not certify his disqualification, and the commission was not properly issued.

Nor is it correct to say that the commission is, under the circumstances of this case, conclusive evidence of legal authority. Judge Dillard was present holding the court, refusing to concede any disqualification on his part, and he not only assumed to preside in the cause, but actually rendered a final judgment dismissing the cause before Judge Butt attempted to act as special judge. A regular judge of the county court has control of his court and cannot, without his consent, be ousted from the bench, even by an individual armed with a commission from the Governor as special judge; nor can his authority be surreptitiously circumvented, as was attempted to be done in this instance by the special judge who took the bench during the noon recess of the court. *Cruson* v. *Whitley,* 19 Ark. 99. The Constitution provides how a special judge may be authorized to preside in a given case in which the regular judge of the court is disqualified. It

is an orderly method based on the consent of the regular judge and cannot be pursued without his consent. If he withholds his consent, in the event of disqualification, other remedies are available under the law.

Next, it is contended that Judge Butt was *de facto* judge, and that his judgments as such cannot be questioned collaterally. The answer to this is that the regular judge of the court was present on that day assuming to act in this particular cause and there could be no other *de facto* presiding judge. The regular judge was presiding in fact as well as in law. There can be no such thing as a *de facto* officer when the *de jure* officer is also present and acting. *Keith* v. *State*, 49 Ark. 439; *Jewett* v. *McConnell*, 112 Ark. 291.

An unseemly conflict, such as appears in this case, between the regular judge of a court and one attempting to act as special judge is not to be tolerated.

Again, it is urged that this is a collateral attack on the judgment pronounced by the special judge, and that it cannot be sustained. The judgment is void on its face for the reasons hereinbefore stated, and *certiorari* in the circuit court which has supervisory jurisdiction over inferior courts is the proper remedy, even though a remedy by appeal is also available.

The judgment of the circuit court in quashing the judgment afforded appellees a complete remedy, and it is unnecessary to consider the question of prohibition to prevent further proceedings. Nor is it important to consider appellants' objections to the joinder of the prayer for writ of prohibition with the prayer for *certiorari*.

Affirmed.