GRIFFIN *v.* LITTLE RED RIVER LEVEE DISTRICT.

Opinion delivered March 19, 1923.

DRAINS—LEVEES—LIMIT OF TAX LEVY.—Though bonds issued by a drainage district and also those issued by a levee district on their face incorporated as part of their terms the resolution authorizing them, wherein the amount to be levied each year was limited, nevertheless it is within the power of the board of directors of the drainage district and of the board of commissioners of the levee district to increase the levy if necessary, since that power is reserved to them by Crawford & Moses' Digest, §§ 3620 and 6826, as the rates fixed in the resolution must be regarded as tentative only.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Culbert L. Pearce, Brundidge & Neeley,* for appellant.

The reference in the levee and drainage bonds to the resolutions authorizing their issuance makes them a part thereof as though they were set out therein, and the negotiability of the bonds are limited thereby. The resolution sets out the exact per centum levied and to be collected each year from 1917 to 1941, and states: "This in lieu of all previous levies." After the bonds were sold the commissioners of the district twice raised the rate of taxation, which we contend they were without authority to do, notwithstanding the increased rates were within the total assessed benefits to the lands enhanced in the respective districts. 3 R. C. L. 844, § 20; *Ib.* 1076, § 281; 19 R. C. L. 989, § 286; 3 R. C. L. 870, § 54 and cases cited. 19 R. C. L. 1009, § 302; *Ib.* 1014, § 306. 28 Cyc. 1610-1624, Municipal Bonds; 8 C. J. 196-202, Bills & Notes; 9 C. J. 47-49, Bonds. *McClellan* v. *Norfolk Southern Ry.*, 18 N. E. 277. 1 L. R. A. 299; *McClure* v. *Oxford*, 94 U. S. 429, 24 L. ed. 129; *National Salt Co.* v. *Ingraham*, 122 Fed. 41. Notes to *Klots Throwing Co.* v. *Manufacturers' Commercial Company*, 179 Fed. 813; 30 L. R. A. 41. *Myrick* v. *Purcell*, 95 Minn, 113; Ann. Cases, 148; *Richardson* v. *Thomas*, 28 Ark. 387; *Rector* v. *Strauss*, 134 Ark. 374. Interest can be required paid on all unpaid portions of assessed benefits. *Oliver* v. *Whittaker*, 122 Ark. 291; *Jones* v. *Fletcher*, 132 Ark. 328.

*Stephen Moore* of Nashville, Tenn.; *Maurice A. Wear*, of Cassville, Mo., for appellees, Little Red River Dist. 2 and directors.

The board of directors of the district had authority to increase the rate of taxation. Sec. 6826 Crawford & Moses' Dig., but not in excess of assessed benefits for any purpose. Rule expressed in *Oliver* v. *Whittaker*, 122 Ark. 291; *Jones* v. *Fletcher*, 132 Ark. 328, not applicable to levee districts.

*Lamb & Frierson,* appellees for Mississippi Trust Company.

The commissioners of the district had authority to raise the rate of taxation to any extent short of exceed-

ing the amount of benefits assessed against the lands. § 3617 C. & M. Dig.; *Ib.* 3620. Had authority also to raise rates on levee bonds. Secs. 6826, 6830 C. & M. Dig.; *Hoehler* v. *Worthen,* 243 S. W. 822. See *Minden-Edison Light Company* v. *Minden,* 142 N. W. (Neb.) 673. *Ralls County Court* v. *U. S.,* 105 U. S. 733, 26 L. ed. 1220, 11 Rose's Notes 872; *City of Little Rock* v. *Board of Improvement,* 42 Ark. 152. The rights of bondholders are controlled by the law, not by resolution of the board. *Carville* v. *Road Dist. 2, Craighead Co.,* 152 Ark. 487, 238. S. W. 777; *Hoehler* v. *Worthen, supra.* The one limitation upon amount that can be taxed as a special assessment for a local improvement is that it shall not exceed the amount of betterments. *Cribbs* v. *Benedict,* 64 Ark. 555. *Hopgood* v. *Seattle,* 125 Pac. 965.

*Rose, Hemingway, Cantrell & Loughborough,* for appellees.

Loans are not made unless there is a margin of security. Improvement districts can not borrow the full amount of the assessed benefits. The assessed benefits mark the limit of possible taxation. *Kirst* v. *Imp. Dist. 20,* 86 Ark. 2; *McDonnell* v. *Imp. Dist.* 97 Ark. 243; *Withrow* v. *Nashville,* 145 Ark. 342. Whether anticipated benefits are realized or not furnishes no escape from payment of assessments thereafter. *Salmon* v. *Long Prairie Dist.,* 100 Ark. 366; *Board of Directors* v. *Dunbar,* 107 Ark. 290. Assessments of benefits in levee districts also bear interest. Sec. 3643, Crawford & Moses' Digest. *Russell* v. *Board of Improvement,* 110 Ark. 20; *Young* v. *Red Fork Levee Dist.,* 124 Ark. 63; *Guaranty Loan & Trust Co.* v. *Helena Improvement Dist.,* 148 Ark. 56.

*Buzbee, Pugh & Harrison,* for appellee Holt, receiver, Judsonia Drainage District.

County court had authority to increase rate of taxation or levy of percentage of assessed benefits. Sec. 3620, Crawford & Moses' Digest; sec. 1, act 136, Acts 1911; Act May 27, 1909. Laws under which bonds is-

sued and providing for payment also read into bonds. 19 R. C. L. 1009, No. 302. *McClure* v. *Oxford,* 94 U. S. 429. See also *Waite* v. *Santa Cruz,* 184 U. S. 302. Resolution of board of directors does not limit provisions of § 3620, Crawford & Moses' Digest.

*J. C. Counts,* of Oswego, Kansas, and *G. D. Henderson, amici curiae.*

We contend notes or per centum of assessed benefits to be collected annually as fixed by resolutions of the board of commissioners and board of directors are not subject to be increased. Sec. 3620, Crawford & Moses' Digest, does not authorize it when properly construed. It provides for making additional levies for completing improvements or paying bonds when tax first levied proves insufficient. We find no provision in the law authorizing an increase of the rate of levy because collections inadequate. The bondholders should be required to put in operation and rely upon the machinery provided by law *for enforcing* collection of the assessment, and not that provided for making the assessment. Argument applies with equal force to § 6826, Crawford & Moses' Digest, also. The board could only act by resolution, and the resolutions being legislative in scope, have effect of laws. Abbott, Municipal Corporations, § 514; *Mason* v. *City of Shawnee,* 77 Ill. 533; Abbott on "Public Securities," 300-2; sec. 40 *Ib.* 304. Resolutions part of contract. 5 Cyc. 750. Abbott on Public Securities, 575, 509. The resolutions nowhere provide for an acceleration of the rate of taxation, and the holders took the bonds with knowledge of the resolutions and the rate of taxation therein fixed.

HUMPHREYS, J. This suit was instituted in the White Chancery Court by appellants, who are taxpayers in "Little Red River Levee District Number Two," and in "Judsonia Drainage District," against the directors of said levee district and the commissioners of said drainage district, to enjoin them from raising the rates of taxation above the rate originally specified in resolu-

tions adopted by the boards of the respective districts, and referred to in the face of the bonds issued by said boards for the construction of improvements in each district. Each district was organized under the general laws authorizing the creation of levee and drainage districts.

The board of directors of the levee district issued three installments of bonds, totaling $145,000, and the board of commissioners of the drainage district issued two installments of bonds, totaling $120,000. Reference was made in the face of the bonds to resolutions adopted by each board prior to the issue thereof, in which rates, or per centum, of the assessed benefits to be collected annually for the purpose of paying the bonds were fixed. The resolutions provided a rate in the levee district not to exceed 4.3 per centum of the assessed benefits annually from 1920 to 1935, and 2.2 per centum annually from 1936 to 1941, and a rate in the drainage district not to exceed 3.3 per centum of the assessed benefits annually from 1920 to 1923, and 3.6 per centum from 1924 to 1936, inclusive. The Mercantile Trust Company of St. Louis, Missouri, was named as trustee in the bonds, and deeds of trust were executed to it pledging the entire assessment of benefits against the lands in the respective districts to the payment of the respective obligations. Thereafter the bonds were placed upon the market and sold by the trustee to various purchasers. In 1920 the board of directors of the levee district raised the rate from 4.3 to 4.8 per centum, and in 1921 from 4.3 to 5 per centum. In 1920 and 1921 the board of commissioners of the drainage district raised the rate from 3.3 to 4.1 per centum. This acceleration in rates became necessary in order to meet the payments due upon the bonds, as the revenues derived from the original levies provided in the resolutions were insufficient to do so. The increased rates were within the total assessed benefits to the lands embraced in the respective districts. The facts thus detailed are a summary of the allegations

contained in the bill of appellants. To this bill separate demurrers were filed by the directors of the levee district and Mercantile Trust Company, as trustee for the bondholders, and W. S. Holt, receiver for said drainage district under appointment of the United States District Court for the Eastern District of Arkansas, who was made a party defendant on motion. The demurrers to the complaint were sustained by the trial court, over the objection and exception of appellants, who refused to plead further. Thereupon the court dismissed appellants' bill for want of equity, from which is this appeal.

The contention of appellants is that the rates, or per centum, of the assessed benefits to be collected annually, as fixed by resolutions of the respective boards, were not subject to increase. The reason assigned for the contention is that the resolutions fixing the rates of levy for the years during the period for which the bonds were to run became a part of the bonds by reference, and should be read in connection with the bonds as one instrument, and that the persons purchasing the bonds were chargeable with notice of the contents of the resolutions and were bound by them. The bonds were issued and the resolutions adopted under the laws of the State of Arkansas authorizing them. They must necessarily conform to the laws, and the laws authorizing them must be read into them as a part thereof. The general law authorizing the creation of levee districts and the issuance of bonds to pay for the improvements therein confers full power on the board of directors of the levee district "to levy a tax upon the betterment estimated to accrue to said lands by reason of said work, sufficient to pay the cost thereof, which said tax may be paid as a whole or in such annual installments as the board of directors may decide." Section 6826, Crawford & Moses' Digest. The only limitation prescribed in the section aforesaid is to bring the levy within the estimated betterment to accrue to the lands within the district. The general law authorizing the creation of drainage dis-

tricts, and the issuance of bonds to pay for the construction of improvements therein, contains the following provision incorporated in Crawford & Moses' Digest as section 3620:

"If the tax first levied shall prove insufficient to complete the improvement, or to pay the bonds, both the principal and interest, issued by the board of commissioners on account of such improvement, as hereinafter provided, as the same shall become due and payable, the board shall, from time to time, report the amount of deficiency to the county court, and the county court shall thereupon make such levy or levies on the property previously assessed for a sum or sums sufficient to complete the improvement and to pay such bonds and interest, which shall be collected in the same manner as the first levy; provided, that the total levy or levies shall in no case exceed the value of the benefits assessed on such property; and the performance of such duties may be enforced by mandamus at the instance of any person or board interested."

When the laws authorizing the issuance of the bonds and adoption of the resolutions are read into the bonds, the rates fixed in the resolutions must be regarded and construed as tentative levies only, subject to increase, if necessary to meet payments due upon bonds, provided that the increased levies come within the total assessed benefits against each tract of land within the district. If the rates, or levies, fixed in the resolutions should be treated other than estimates, then the resolutions would conflict with the power vested in the boards under sections 3620 and 6826 of Crawford & Moses' Digest, authorizing the board of directors of the levee district, and the county court, at the request of the board of commissioners of the drainage district, to increase the rates originally levied.

The decree is affirmed.

Mr. Justice HART dissented.