## MOOSE v. BARTLETT.

### Opinion delivered November 30, 1925.

1. TAXATION—SHERIFF AS EX-OFFICIO COLLECTOR.—Under Const., art. 7, § 46, and Crawford & Moses' Dig., § 10026, the sheriff is ex-officio the collector of all taxes until otherwise provided by law.

2. HIGHWAY—DUTY TO COLLECT HIGHWAY IMPROVEMENT ASSESSMENTS. —In the absence of a statute, it is not the duty of the sheriff as collector to collect installments of benefits assessed in road and bridge districts; such assessments not being within the purview of Const., art. 7, § 46, or of Crawford & Moses' Dig., § 10026.

3. TAXATION—LIABILITY OF COLLECTOR'S SURETIES.—Under act 71 of 1917, § 11, and act 245 of Road Laws of 1919, §§ 29 and 30, the collection of assessments of taxes of bridge and road districts created by those acts is made one of the duties of the county collector, and the sureties signing his bond after the passage of the above acts are liable for the collector's failure to account for such taxes.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Strait & Strait,* for appellant.

*Edward Gordon, Moore, Smith, Moore & Trieber, Calvin Sellers, J. W. Johnston* and *Owens & Ehrman,* for appellee.

WOOD, J. This action was instituted by the appellants. They alleged that they are sureties on the collector's bond of R. E. Bartlett, who was the duly elected sheriff and collector of Conway County; that in the year 1924 Bartlett was indebted to various improvement districts for the amount of collections in his hands on the assessments of benefits in those districts, the amount being set forth in the complaint and agreed upon by counsel for the respective parties. The appellants alleged that they are not liable on the collector's bond for any assessments or taxes collected by him during the year 1923, for certain road districts, naming them by number, and bridge and drainage districts. The appellants prayed that the court decree that they are not liable for the amounts claimed to have been collected by Bartlett, or for annual installments on the assessments of bene-

fits collected by him in these districts, and that the districts and their officers be enjoined and restrained from instituting any suit or proceeding to recover the same, etc. There were demurrers, answers, cross-complaints and counterclaims filed. The cause was heard upon demurrers, and the court held as a matter of law that the sureties upon the collector's bond were liable for "any and all funds coming into the hands of said collector," and sustained the demurrers to the complaint. The appellants stood upon their complaint, and refused to plead further. The court thereupon entered a decree dismissing the complaint and entered decrees for certain sums in favor of appellees, from which is this appeal.

It is unnecessary to set forth in detail the pleadings, for it is conceded that the only issue raised by the pleadings and presented by this appeal is whether or not the appellants are liable as sureties on the general bond of R. E. Bartlett as collector for the amounts of assessments or taxes on benefits collected by him for various improvement districts and which he failed to account for and pay over in his report and settlement to the county court. The parties agree upon the facts. The bond of the collector, Bartlett and appellants as sureties, was executed by them on the 30th day of November, 1923, and approved by the county judge of Conway County on December 22, 1923. Bartlett, as the principal, and the appellants as sureties "are jointly and separately bound unto the State of Arkansas for the use and benefit of the State of Arkansas, and unto the State of Arkansas for the use and benefit of Conway County, of the State of Arkansas, in the sum of $390,000," conditioned that "if the said R. E. Bartlett shall faithfully perform the duties of collector of revenue for the county aforesaid for the year 1923, and shall well and truly pay over within the time prescribed by law to the proper officer designated by the law to receive the same all moneys collected by him by virtue of his said office, according to law, then this bond to be void; otherwise to be and remain in full force and effect," etc.

The road districts for which the collector made collections were created under act 245 of the Acts of 1919, and the bridge district was created by act 71 of the Acts of 1917. Section 11 of act 71 of the Acts of 1917 provides as follows: "The amount of taxes herein provided for shall be annually extended upon the tax books of the county, and collected by the collector of Conway County, along with other taxes, and for his services in making such collections he shall receive a commission of one per cent.; and the same shall by the collector be paid over to the depository of the district at the same time that he pays over the county funds. If any collector shall fail to collect the bridge tax along with the other taxes, he shall be subject to a penalty of one hundred dollars for each instance in which he shall collect from an individual the other taxes and omit the bridge tax, unless the bridge tax has been enjoined by a court of competent jurisdiction, to be recovered in a suit brought by the commissioners to the use of district; and the county clerk shall be subjected to a like penalty for each case in which he shall fail to enter the bridge tax upon the tax books."

Section 29 and 30 of act 245 of 1919, creating the road districts provide as follows:

"Section 29. The county clerk shall annually show on his tax books the amount of the installments of assessments of benefits levied against each tract of land * * *."

"Section 30. The county collector shall collect the several installments of the assessments of benefits during each year at the time he collects the general taxes."

Under our Constitution and statutes the sheriff is the *ex-officio* collector of all taxes until otherwise provided by law. See § 46, art. 7, of the Constitution; § 10026, C. & M. Digest. Unquestionably, the above provisions of the Constitution and statutes have reference to taxes that are the public revenue of the State and county. Installments or taxes on the assessments of benefits in improvement districts are not taxes, within the purview of the above provisions of the Constitution and statutes; and,

in the absence of a statute, it would not be the duty of the collector to make such collections, and he and his bondsmen would not be liable for a failure to make such collections. But the above statutes creating improvement districts, it will be observed, superimposed the duty of making the collection of improvement district assessments or taxes upon the county collector, the same as the duty of collecting the general revenue. The collection of these improvement district assessments or taxes is thus made one of the duties of the collector. Section 10029, C. & M. Digest, provides that the condition of the collector's bond shall be "for the faithful performance of the duties of his office, and for well and truly accounting for and paying over all moneys collected by him by virtue of his office." The provisions of the bond executed by the collector as above set forth are that "he shall faithfully perform the duties of collector of revenue for the county aforesaid for the year 1923, *and shall well and truly pay over within the time prescribed by law to the proper officer designated by law to receive the same all moneys collected by him by virtue of his said office, according to law, etc.*" This bond was executed after the above statutes were enacted making it the duty of the collector of the county to collect improvement district assessments or taxes. It was within the province of the Legislature to impose this duty upon the collector's office, and the collector and the sureties on his bond were bound to take notice of the law, and must be held to have executed the bond fully cognizant that it was the duty of the collector under the law to make collection of improvement district taxes as well as the general revenue. Therefore, it occurs to us that it is impossible to escape the conclusion that the collector, Bartlett, and his bondsmen, the appellants, are liable for his failure, in his settlement with the county court, to account for the taxes or assessments collected by him for the various improvement districts.

Counsel for appellants rely upon the following from 22 Ruling Case Law p. 519: "It is a hornbook principle

that sureties are persons favored by the law, and that their obligations are not to be extended by implication or construction, but are to be construed *strictissimi juris.* This principle applies to official bonds. The sureties on such bonds are bound to the extent, in the manner, and under the circumstances pointed out in their obligations. The bonds themselves should be given in all cases a reasonable construction. The terms of a bond cannot be extended beyond their reasonable meaning, when construed with reference to the purposes contemplated by the law requiring the bond, for the surety is entitled to stand on the very terms of his undertaking." To be sure, the above principle is sound law, and, when applied to the facts of this record, it establishes the liability of the appellants. If the bond under review here had been executed before the passage of the acts imposing upon the collector's office the duty of collecting improvement district assessments or taxes, there would be some plausibility in counsel's contention. But it must be held, in view of these statutes, that it was contemplated by the collector and the appellants as sureties on his bond that it was the duty of the collector to collect the installments on the special improvement district assessments of benefits, as well as the general revenue of the county and State. It will be noted that the bond requires the collector, not only to faithfully perform the duties of collector of revenue for the county for the year 1923, but also "to well and truly pay over within the time prescribed by law to the proper officers designated by law to receive the same, all moneys collected by him by virtue of his said office, according to law, etc." It follows that the court did not err in entering a decree dismissing the appellants' complaint, and in entering decrees in favor of the appellees for the respective amounts therein set forth, and these decrees are in all things affirmed.