SOUTH MILLER COUNTY HIGHWAY DISTRICT *v.* DORSEY.

## Opinion delivered June 27, 1927.

1. HIGHWAYS—JURISDICTION TO WIND UP AFFAIRS OF DISTRICT.— Where the chancery court assumed jurisdiction in proceedings to wind up the affairs of a highway improvement district before Sp. Acts 1923, p. 126, repealed Acts Ex. Sess. 1920, No. 51, which created the highway district, *held* that the court had jurisdiction to continue the proceeding to completion, in view of Crawford & Moses' Dig., § 9759.

2. HIGHWAYS—COLLECTION OF TAXES—LIABILITY OF COLLECTOR.— Taxes ordered by the chancery court to be assessed on the landowners of an abandoned highway improvement district, which were collected under such order by the county collector, were collected "by virtue of his office," within the terms of the bond given to insure faithful performance of the collector's duties.

3. HIGHWAYS—TAX COLLECTOR'S BOND—LIABILITY OF SURETIES.—Since the county collector and the sureties on his bond were bound to take notice of the decree of the chancery court, authorizing a collection of taxes in an abandoned highway improvement district, the sureties were liable on the bond given by the collector to insure faithful performance of his duty for his default in not accounting for such taxes when collected.

4. HIGHWAYS—ACTION AGAINST TAX COLLECTOR—PARTIES. — The receiver of an abandoned highway improvement district was a proper plaintiff in the suit against sureties on the bond of a tax collector, who defaulted in accounting for taxes collected in such district.

5. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—Where the facts in a case were undisputed, the finding of the circuit court was not binding on appeal, further than it would be upon a ruling on demurrer; it being a question of law as to the effect of the testimony and the law applicable thereto.

Appeal from Miller Circuit Court; *James H. McCollum,* Judge; reversed.

### STATEMENT BY THE COURT.

This suit was brought by T. B. Vance, receiver of the South Miller County Highway District, a road improvement district created by act 51 of the General Assembly of Arkansas, approved February 4, 1920, for the purpose of laying out or improving certain roads described therein in Miller County, Arkansas, against M. J. Dorsey

and fifty-eight others, defendants, named in the com·plaint, all sued as sureties on the bond for the year 1924 of the defaulting tax collector of Miller County, Arkansas, for certain improvement district taxes alleged to have been collected by him, as collector of Miller County, on the lands in said improvement district, and for failure to account for or pay over same as required by law.

This district was created by said special act of the Legislature, and, after the preliminary survey was made, because of so great objection, the improvement was abandoned by resolution of the board of commissioners, who had a receiver appointed by the chancery court to wind up the affairs of the district under the terms of the act.

On November 2, 1922, the court adjudged the district had been abandoned and the amount of preliminary expenses a lien against the lands in the district.

On February 9, 1923, the Legislature, by special act number 75, repealed act number 51, under which the highway district was created, without making any pro·visions whatever for winding up its affairs or paying the claims against it.

On October 31, 1923, the court entered a decree for the payment of the preliminary expenses in a certain sum, fixing it as a lien against the lands, and made a levy of 7¼ mills upon the assessed valuation of the lands in the district, and ordered it extended against said lands on the taxbooks by the county clerk for the year 1923, and directed the collector of the county to collect the sum when so extended along with the State and county taxes, and to pay such taxes to the receiver of the district at the time the said collector was required to settle, under the law, with the county.

The collector of the county was named as the collecting officer for the collection of the assessment benefits by the act creating the district, and the complaint alleged that Fincher Eason, now deceased, was the duly elected and qualified collector of Miller County, Arkansas, under his bond filed and approved January 22, 1924, upon which the persons named as defendants in the action became

sureties; that the collector entered upon his duties, collected the improvement taxes in 1924 so extended by the county clerk against the lands of the district for 1923, by the order of the chancery court, in the sum of $34,497.07, and only paid over to the receiver $20,000 of that amount, and had failed and refused to pay the remainder.

The complaint alleged further that the collector died intestate in Miller County; the appointment and qualification of his administrator; the probation of the claim for $14,497.76 against his estate; the disallowance thereof; the allowance of same on appeal in the circuit court for the sum of $10,000; the payment of one-half of that amount by an order of the probate court, the estate only being sufficient to pay 50 per cent. of claims probated, upon the filing of the judgment of the circuit court allowing the claim; and that there remains $5,000 due and unpaid upon the judgment of allowance of the $10,000 by the circuit court of said funds collected by said collector, for which judgment was prayed against Dorsey and fifty-eight other sureties on the collector's bond.

On July 8, 1926, on the hearing of the case upon an agreed statement of facts, the circuit court, a jury being waived, rendered judgment in favor of the defendants, from which this appeal is prosecuted.

*T. B. Vance,* for appellant.

*Shaver, Shaver & Williams,* for appellee.

KIRBY, J., (after stating the facts). It is contended on the one hand that appellant had no right to bring this suit, the law creating the district having been repealed, and that appellant had no valid claim in any event, because the money alleged to have been collected and misappropriated by the collector was payable to the judgment creditor, the First National Company, which only had the right to sue; and on the other hand, for the appellant, that the chancery court having assumed jurisdiction by the appointment of a receiver to ascertain the indebtedness existing against the district and for winding up its affairs before the repeal of the act creat-

ing the district, could proceed therewith, under the provisions of the creating act, notwithstanding its repeal.

Section 9759, C. & M. Digest, provides: "No action, plea, prosecution or proceeding, civil or criminal, pending at the time any statutory provisions shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provisions had remained in force."

Nothing was said in the opinion in *Meek* v. *Christian*, 168 Ark. 313, 270 S. W. 614, where this court modified the decree of the chancery court allowing the claim of the engineers for making the preliminary survey of the improvement, about the effect of the repeal of the act creating the improvement district, although the fact of the repeal is recited in the statement of the case.

The creating act provided for the extension of the assessment of benefits against the lands of the district and the collection thereof yearly by the tax collector, along with the revenues due the State and county, and also for the continued operation of the district even after the improvements were made and for the collection of all additional assessments for maintenance, etc.

The chancery court, at the instance of the board of commissioners of the district, appointed the receiver, and was proceeding with the winding up of its affairs, as it had the power to do under the terms of the creating act, at the time of its repeal, and this proceeding, having been begun before such repeal, could be continued to completion thereafter, regardless of it, under the terms of said section of the law relating thereto. *Bowman Engineering Co.* v. *Mo. Highway District*, 151 Ark. 53, 235 S. W. 399; *Tri-County Highway Drainage Dist.* v. *Vincennes Bridge Co.*, 170 Ark. 32, 278 S. W. 627.

Section 23 of the creating act provides as follows: "In case, for any reason, the improvement contemplated by this district is not made, the preliminary expense shall be a first lien upon all the lands in the district, and shall be paid by a levy of tax thereon upon the assessed value for county and State taxation,

which levy shall be made by the chancery court of Miller County, Arkansas, and shall be collected by a receiver to be appointed by the said court.''

The chancery court proceeding for this purpose decreed that the improvement had been abandoned and the preliminary expenses were a first lien upon all the lands within the district, ''and shall be paid by a levy of tax thereon upon the assessed value for county and State taxation, which levy shall be made by the chancery court of Miller County, Arkansas, and shall be collected by a receiver to be appointed by the said court.''

The decree required all persons having claims against the district to file the same with the clerk within 90 days, and appointed the receiver and continued the cause.

The court next made an order on October 31, 1923, ascertaining the amount of indebtedness due the First National Company of St. Louis, ascertained the amount of the assessed value of the real property in the district, and that a tax of 10 per cent. would be required to pay the debts of the district, and ordered it levied upon the real estate in the district and collected with the State and county taxes for the year 1923, fixing the rate of taxation for the purpose at 7¼ mills; ordered its clerk to transmit a certified copy of its decree to the county clerk of Miller County, ''and that said county clerk extend against the real estate in the district the taxes herein levied upon the taxbooks of Miller and Lafayette counties for the year 1923, and that the collector of said counties collect said taxes along with the State and county taxes for the year 1923, and pay said taxes levied hereunder to the receiver of this court when they settle for the county taxes; and that the receiver apply said taxes *pro rata* as received upon said decree in favor of the First National Company and allowances * * *.''

Said levy was thereafter regularly extended against the lands by the county clerk and collected by the tax collector of Miller County, along with the revenues of the county during the period for payment of taxes in 1924,

under the collector's bond approved, with appellee's sureties thereon, on the 2d day of January, 1924.

The bond is in the sum of $500,000, made to the State for its benefit and the use and benefit of Miller County, conditioned:    *  *  *  "Now, if the said Fincher Eason shall faithfully perform the duties of collector of revenue for the county aforesaid for the year 1923, and shall well and truly pay over, within the time prescribed by law, to the proper officer designated by law to receive the same, all moneys collected by him by virtue of his said office, according to law, then this bond shall be void; otherwise, to be and remain in full force and effect."

This bond was executed by the sureties, after the order of the chancery court fixing the amount of the levy required to be made against the lands of the district necessary to be paid to discharge the indebtedness thereof, and after same had been duly extended in pursuance thereto by the county clerk on the taxbooks against the lands of the district.

The amount claimed was collected by the tax collector, in his official capacity, of course, and, since none but he could collect the said taxes under the clerk's warrant upon the taxbooks delivered to the collector by the authority of the said order of the chancery court made under the authority of the provisions of the act creating the district, it was moneys collected by the collector by virtue of his office, according to law, and for the accounting for and payment of which to the person entitled by law to receive same his sureties are liable.

In *Moose* v. *Bartlett,* 169 Ark. 963, 277 S. W. 340, this court held the sureties on the collector's bond liable to the payment of road and bridge taxes collected by him under the terms of the law providing for the creating of such districts, saying *  *  *: "This bond was executed after the above statutes were enacted, making it the duty of the collector of the county to collect improvement district assessments or taxes. It was within the province of the Legislature to impose this duty upon the collector's office, and the collector and his sureties on his bond were

bound to take notice of the law, and must be held to have executed the bond, fully cognizant that it was the duty of the collector under the law to make collection of improvement district taxes as well as the general revenue.''

So here, the collector and the sureties on his bond were bound to take notice, not only of the law authorizing the collection of assessments in this district by the collector, but also of the decree of the chancery court, under the law, authorizing the extension of the levy by the clerk and the collection by him of the levy or tax for payment of the preliminary expenses of the district, and the collector and his bondsmen are liable, in the opinion of the majority, for his failure to account for and pay over to the person entitled to receive same, the receiver in this instance, the said amount collected from the levy upon the lands of the improvement district.

Justices WOOD, MEHAFFY and the writer are of the opinion that the chancery court could only authorize the collector, as its receiver, to collect the taxes, after making bond with sureties who would be liable for his default, which was not attempted to be done, and that the accommodation sureties on his collector's bond are not liable therefor. *Moose* v. *Bartlett, supra.*

The receiver could proceed against the estate of the collector and his sureties for the payment of said collections, since the judgment of the First National Company was but a claim against the district, which it was entitled to have paid out of the funds provided therefor under the terms of the law, by order of the chancery court.

The facts are undisputed in this case, and the finding of the circuit court is not binding further than it would be upon the ruling upon a demurrer, it being a question of law as to the effect of the testimony and of the law applicable thereto.

The judgment is reversed, and judgment will be entered here for the amount and balance due in accordance with the undisputed testimony. It is so ordered.

Justices WOOD, MEHAFFY and KIRBY dissenting.