HULBERT SPECIAL SCHOOL DISTRICT v. COOPER.

Opinion delivered October 7, 1929.

30

*Berry, Berry & Berry,* for appellant.

*S. V. Neely,* for appellee.

HUMPHREYS, J. This is an appeal, under § 10,028 of Crawford & Moses' Digest, from an order of the circuit judge in vacation affirming the approval of the collector's bond by the county court of Crittenden County on December 12, 1928. The bond filed and approved on that date was in regular form, signed by the sheriff and four sureties, each of whom made affidavit to the effect that they were residents of Crittenden County, Arkansas, and each worth over $250,000 in real and personal property above his liabilities and exemptions. The affidavits did not state the amount of real estate and its value, nor the amount of the personal property and its value that each owned, and that same was subject to execution. In these respects it failed to comply with § 8076 of Crawford & Moses' Digest. The circuit judge permitted the affidavits to be amended to meet these requirements before finally approving the bond on appeal. The bond contained the following conditions:

"Now, if the said Claud W. Cooper shall faithfully perform the duties of collector of revenue for the county aforesaid for the year 1928, and shall well and truly pay over within the times prescribed by law, to the proper officer designated by law to receive the same, all moneys collected by him, etc., etc., then this bond shall be void, otherwise to remain in full force and effect."

Appellants herein, who were not parties to the proceedings in the county court when said bond was approved, upon application to the county court were made parties on May 17, 1929, and granted an appeal to the circuit court in vacation. In their petition to be made parties to the proceedings for the purpose of appealing from the order approving the bond, they alleged that the bond was void: First, because the affidavits of the sureties did not comply with the requirements of § 8076 of Crawford & Moses' Digest; second, that the bond was for the year 1928 instead of 1929; and third, that the penalty of the bond was insufficient. Other allegations were made attacking the bond, but these are the only ones insisted upon by appellants for the reversal of the judgment of the circuit judge. Appellee, however, contends that this appeal should be dismissed without passing upon the validity of the bond, because appellants were not parties to the county court proceedings when it approved the bond, and did not go into said court at the time and object to the approval of the bond.

This is not an appeal under the general statute, § 2287, Crawford & Moses' Digest, but under § 10028 of Crawford & Moses' Digest, which states that "any person may, when he deems the security on said bond insufficient, appeal to the circuit court of the proper county, if in session, if not, to the circuit judge in vacation, from the order of the county court, or act of the county judge in vacation approving said bond" * * *. There is a marked difference between the statutes, the latter being much broader than the former, extending the right of appeal to any person who has an interest in the lawsuit, even though not a party to the proceeding, and even though he made no objection to the approval of the bond at the time. We also think and hold that school and drainage districts are persons within the meaning of the statute, and had a right to appeal from the county court judgment, and the judgment of the circuit judge in vacation.

We now proceed to a consideration of the objections made to the validity of the bond.

(1). Until the act of March 31, 1883, collectors' bonds were executed and approved like the bonds of other county officers in accordance with the requirements of the act of March 1, 1875, §§ 8076 to 8085 of Crawford & Moses' Digest; but on that date the Legislature enacted a separate and independent act governing the execution and approval of collectors' bonds, and prescribing their duties and liabilities. It was a complete act within itself, and repealed all acts in conflict therewith. The act of March 1, 1875, required that affidavits be filed by sureties stating, in addition to other requirements, the amount of the real estate and its value, the amount of the personal property and its value, owned by each surety, and that said property was subject to execution, but the latter act, or act of March 31, 1883, relative to collectors' bonds, required no affidavit at all relative to the property owned by the sureties. As no affidavits were required at all by the sureties on collectors' bonds after the passage of the act of 1883, the collector's bond in question was not void, because the affidavits filed by the sureties did not comply with the requirements of the act of March 1, 1875.

(2). We do not construe the collector's bond in question as a guaranty for the faithful performance of his duties for the year 1928, and the accounting of taxes collected by him during said year. The revenues referred to in the bond as revenues of 1928 necessarily were the taxes assessed in 1928 which were to be collected in 1929. The contention of appellant that the bond did not cover taxes which the collector should and did collect in 1929 that were assessed in 1928, is contrary to the holding of this court in the case of *Moose* v. *Bartlett*, 169 Ark. 963, 277 S. W. 340. The bond was filed and approved in ample time, as the collector's term of office did not begin until January 1, 1929, for the collection of the 1928 revenues.

(3). The penalty in the bond was $550,000, more than one and one-fourth times the amount of the State,

county, city and school district taxes charged against the collector on the abstract of the taxbooks of Crittenden County, which abstract was introduced as evidence by agreement. It was not one and one-fourth times the amount charged against him if the special improvement district assessments should be included, as they alone amounted to $209,935.59, which, added to the taxes charged against him for the purposes aforesaid, would exceed the penalty of the bond. It is true that the duty of collecting these taxes was superimposed upon the collector, but the statute placing this duty upon the collector did not increase the penalty of his bond. It was ruled in *Moose* v. *Bartlett, supra,* that the bondsmen were liable for any default in collecting these assessments, although no increase in the penalty on the bond was required. The penalty of the bond in question was therefore sufficient.

No error appearing, the judgment is affirmed.

KIRBY, J., dissents.