HUFFSTUTTLER v. STATE USE WHITE COUNTY.

Opinion delivered June 15, 1931.

W. D. Davenport, W. H. Gregory, Tom W. Campbell, Brundidge & Neelly and Miller & Yingling, for appellants.

Culbert L. Pearce, for appellee.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of White County for $31,789.05, primarily against appellants, W. D. Davenport, J. H. McElwee, and J. Y. Woodson, as depository bondsmen and, secondarily, against H. A. Huffstuttler, treasurer, and his official bondsmen, after the reformation of the bond for county funds lost in the Union Bank & Trust Company; and a cross-appeal by appellee from a decree disallowing its claim against H. A. Huffstuttler and his bondsmen to

the amount of $2,005.34, lost in the Bank of Pangburn, and its claim for interest on the amount lost in both banks.

The record reflects that, under act 113 of the Acts of 1905, the Union Bank & Trust Company was regularly designated by proper order of the county court a county depository of White County for two years from the 12th day of July, 1921; that, pursuant to the order, it executed a depository bond in accordance with said act on the 8th day of August, 1921, signed by a number of sureties, including appellants, W. D. Davenport, J. H. McElwee and J. Y. Woodson; that, at the November term, 1923, of the White County court, the court made and entered another order designating said Union Bank & Trust Company depository for a term of two years from the date thereof, on condition it should file the depository bond required by said act, which it failed to do; that, on October 1, 1927, after the passage of the general depository act for the State of Arkansas repealing act 113 of the Acts of 1905, the county court made and entered an order designating said bank a county depository under requirement that it should file a bond satisfactory to the judge of White County before any of the county funds should be deposited in said bank; that no bond was filed by said bank under said order, and that the said bank continued to receive deposits from various treasurers of White County from and after the 8th day of August, 1921, down to the date of its failure on the 4th day of November, 1930, at which time there was on deposit in the name of H. A. Huffstuttler, treasurer, the sum of $31,789.05; that none of the money deposited by the treasurer of said county within two years after the depository bond was filed and approved on August 8, 1921, was in the bank at the time it failed, but that said moneys had been paid out on proper checks and warrants prior to the failure; that the Bank of Pangburn was never designated as a county depository by order of the county court, and never filed a depository bond in compliance with act 113 of the Acts

of 1905, or the general depository act of 1927; that the treasurer, H. A. Huffstuttler, deposited county moneys in the Bank of Pangburn under oral instructions of the county judge, and that at the time of its failure on the 15th day of November, 1930, the treasurer had on deposit in said bank the sum of $2,005.34 belonging to said county; that, on the 6th day of November, 1929, H. A. Huffstuttler was elected treasurer of White County and filed an official bond on a blank form in the sum of $80,000 on December 31, 1929, after same was examined and confirmed by the county judge, firmly binding him and his bondsmen to account for all funds coming into his hands, which bond failed to set out the names of his bondsmen in the body of the instrument, the title of his office, the term thereof, and which he failed to sign, but which was regular in all other respects.

Other facts appear in the record, which we deem it unnecessary to set out in order to determine the questions involved on this appeal.

The first question involved on this appeal is whether the depository bond executed on August 8, 1921, by the Union Bank & Trust Company, and signed by appellants, W. D. Davenport, J. H. McElwee, and J. Y. Woodson, as sureties, was a continuing bond or whether the liability thereon was limited to a two-year period. The bond is silent as to the length of the term thereof, but the statute providing for its execution clearly evinces an intention by the Legislature that its duration should be for a period of two years. Provision was made therein for interest bids by banks for the use of county funds for two years after April 1, 1905, and for a bond in the sum of not less than the total revenue of the county for the years for which the bond should be given, and that, after the approval an order should be made designating the successful bidder as a depository of the funds of said county for a period ending thirty days after the time fixed for another selection of a county depository. These provisions appear in §§ 1, 2, 3, and 6 of the act, and could not

appropriately be read into a continuing bond while they can be interpolated into a bond of limited duration. Authority for reading the statute into the bond is found in the cases of *Crawford* v. *Ozark Ins. Co.*, 97 Ark. 549, 134 S. W. 951.; *McMillan* v. *Farmers' Bonded Warehouse*, 169 Ark. 7, 272 S. W. 867; *School Districts Nos. 28 and 29* v. *Massie*, 170 Ark. 222, 279 S. W. 993; and *Bolen* v. *Farmers' Bonded Warehouse*, 172 Ark. 975, 291 S. W. 84. The obligation of appellants on the depository bond to account for the county funds received did not extend beyond the period of two years fixed in the order designating said bank as a county depository.

The next question involved on the appeal is whether the trial court erred in reforming the official bond filed by H. A. Huffstuttler, treasurer, so as to express the intention of the parties. It is manifest that the intention was to execute and file a treasurer's bond in conformity with § 1906 of Crawford & Moses' Digest. This court is committed to the doctrine that courts of equity may reform written instruments to express the intention of the parties clearly shown when, by mutual mistake, the written contract fails to do so. *Welch* v. *Welch*, 132 Ark. 234, 200 S. W. 139. The reformation of the bond followed the clear intention of the parties and was within the jurisdiction of the trial court.

The next question involved on the appeal is whether H. A. Huffstuttler, treasurer, and his official bondsmen are liable for deposits made by him in the Union Bank & Trust Company and the Pangburn bank and lost on account of the failure of the banks.

They claim immunity from liability for the amount deposited and lost in the Union Bank & Trust Company under the order made and entered of record by the county court on the 1st day of October, 1927, designating the Union Bank & Trust Company a county depository. This order was made pursuant to the provisions of the general depository act of 1927 and recites that, before any of the county funds should be deposited in said bank, it should

file a bond satisfactory to the county judge. The bond was never given; hence the order afforded no protection whatever to the treasurer and his bondsmen. They cannot claim immunity under a conditional and ineffective order.

They claim immunity from liability for the amount deposited and lost in the Bank of Pangburn because the treasurer took a bond from it to repay his deposits, which was approved by the county judge. There is nothing in the general depository act of 1927 authorizing the treasurer to take such a bond and extending immunity to him and his bondsmen for losses in case he does. The treasurer therefore deposited the county funds in the Bank of Pangburn contrary to the provisions of the general depository act of 1927, and he and his official bondsmen are liable for the amount of $2,005.34 lost on account of the failure of said bank.

The next question involved on this appeal is whether the trial court erred in disallowing the sum of $238.14 for accrued interest on daily balances on deposit in the Union Bank & Trust Company and interest after November 4, 1930, on the amount lost in the Union Bank & Trust Company and interest from November 17, 1930, on the amount lost in the Bank of Pangburn. There can be no question that the court erred in disallowing the accrued interest on deposits until the time of the failure of the Union Bank & Trust Company; and, under the rule announced by this court in the case of *Talley* v. *State,* 121 Ark. 4, 180 S. W. 330, interest should have been allowed from the time of the failure of the banks up to the time of the decree at the rate of 6 per cent. per annum.

That part of the decree reforming the county treasurer's bond and the judgment against him and his official bondsmen for the amount deposited and lost in the Union Bank & Trust Company is affirmed.

The decree is otherwise reversed, and the cause is remanded with directions to the court below to render a decree in accordance with this opinion.