JEFFERSON BANK OF ST. LOUIS, MISSOURI *v.* LITTLE RED RIVER LEVEE DISTRICT OF WHITE COUNTY.

4-2736

Opinion delivered January 9, 1933.

*Culbert L. Pearce,* for appellant.

*Brundidge & Neelly,* for appellee.

SMITH, J. Little Red River Levee District No. 1 of White County (hereinafter referred to as the district) was organized on April 7, 1913, by the order of the county court of White County, under the general law providing for the creation of levee improvement districts. Sections 6811 *et seq.,* Crawford & Moses' Digest. To expedite the construction work, bonds were issued and sold pursuant to the authority conferred by law, and a resolution was passed by the board of directors distributing the payment

of betterments over a period of twenty-five years from 1913 to 1938, inclusive.

The appellant bank brought this suit, and for its cause of action alleged that it was the owner of six of these bonds, each in the sum of $500; that two of the bonds had matured January 1, 1929, two on January 1, 1930, and the other two on January 1, 1931, and that neither these bonds nor the interest thereon had been paid. It was alleged that the district, to secure the payment of these and other bonds, had executed a pledge in writing of all revenues derived from taxes levied upon the real estate within the district, which pledge had been delivered to the Mercantile Trust Company, of St. Louis, Missouri, as trustee, and that it was the duty of the trustee under the pledge to take appropriate action to see that the betterment assessments were collected and the bonds paid from the proceeds of the collections, but that the said trustee had declined to act unless the plaintiff indemnified it against costs, expenses and attorney's fees in a sum designated by the trustee, which offer plaintiff declined and brought suit in its own name.

The right of the plaintiff to sue is questioned; but we think it had that right. The trustee was made a party defendant, and the plaintiff, as a creditor, had the right to demand the payment of its debt in the manner provided by law. As an incident to the enforcement of its demand for the payment of its debt, it had the right to require the officers of the district to apply the taxes of the district to the uses and purposes for which they had been collected. The complaint alleged there had been waste and mismanagement in the affairs of the district; that the taxes had not been collected with diligence, and that excessive and unauthorized fees had been paid to the officers of the district. It was prayed that a receiver be appointed to take over the affairs of the district; that its officers be required to account for its assets, and that an acceleration of the collection of betterments be ordered to the end that the maturing bonds and the interest thereon might be paid.

The act under which the district was created and the bonds issued contained no provision for the appointment of a receiver for the district upon its default in meeting its obligations, and the court properly refused to appoint a receiver for the district. The court can and will make such orders to the directors of the district as are necessary to require them to perform their duties under the law. *Paving Dist. No. 5* v. *Fernandez,* 142 Ark. 21, 217 S. W. 795; *Martin* v. *Hargrove,* 149 Ark. 383, 232 S. W. 596; *South Miller County Highway Dist.* v. *Dorsey,* 174 Ark. 553, 297 S. W. 833; Sloan's Improvement Districts in Arkansas, § 477; *Guardian Savings & Trust Co.* v. *Road Imp. Dist. No. 7, Poinsett County,* 267 U. S 1, 45 S. Ct. 201.

It is definitely settled that an improvement district may be required to accelerate the collection of the betterments assessed in the district, and that this may be done by increasing the per cent. of the betterments to be collected in a particular year, provided the total assessments ordered to be collected shall never exceed the total amount of betterments assessed in the district, and the total assessments against any particular property shall never exceed the betterments assessed against that piece of property. There is, at all times and under all circumstances, a constitutional inhibition against collecting upon any property any sum in excess of the betterments assessed against it. *Griffin* v. *Little Red River Levee Dist.,* 157 Ark. 590, 249 S. W. 16; *Chicago Mill & Lbr. Co.* v. *Drainage Dist. No. 17,* 172 Ark. 1059, 291 S. W. 810; *Arkansas-Louisiana Highway Imp. Dist.* v. *Pickens,* 169 Ark. 603, 276 S. W. 355.

The court declined to order an acceleration of the collection of the betterment assessments, and it is earnestly insisted that this was error. But it does not appear to be so. The complaint alleged that the per cent. of the betterments ordered to be collected each year, made at the time of the bond issue, would suffice to pay the maturing bonds and the interest thereon if the collections were made and were not diverted to meet certain over-

head and operating expenses. The testimony shows that for some years the district had been operated as a one-man affair; this person being the secretary and treasurer of the district. Elections of directors were not held as required by law to fill vacancies in the office of directors as the terms of such officers expired. The secretary and treasurer of the district, who was also the collector of taxes for the district, made no report of his collections, and had given no bond as required by law.

A loss of the district's funds had been sustained through the closing of the bank in which they had been deposited, and the plaintiff sought to charge the amount thereof against the treasurer.

The secretary and treasurer was ordered to file a report of all moneys collected and disbursed during his incumbency, extending from May 15, 1916, to December 14, 1932. This report has not been filed and acted upon.

The records of the district show that at a meeting of its directors in 1921 it was ordered that the secretary and treasurer be allowed a salary of $40 per month "from June 15, 1916, until otherwise ordered," and that officer appears to have paid his salary from time to time as follows: Instead of drawing a warrant upon himself as treasurer, as he should have done, he marked the taxes paid on so much of his land lying in the district as equaled the amount of his salary.

Section 6845, Crawford & Moses' Digest, of the General Levee District Act, *supra,* provides that the board of directors shall, at their annual meeting on the first Monday in May, or as soon thereafter as practicable, elect a treasurer for the district, whose term of office shall continue until the first Monday in the following May, or until his successor is elected and qualified, and that such treasurer, upon giving bond, shall receive such compensation as from time to time may be fixed by the board of directors. This statute contemplates that the compensation of the treasurer shall be paid from time to time during each year of his election, and it should have been paid by warrants drawn upon the treasurer. It was a gross

irregularity for it to have been otherwise paid. But the secretary was also the treasurer, and, instead of drawing his salary warrant upon himself as treasurer, he marked his taxes paid to the extent of his salary. Having marked these taxes paid, he stands charged with the amount thereof, and thus he paid his salary, instead of drawing it in the manner contemplated by law, and with that money paying his taxes, as he had the right to do.

The procedure is subject to the severest criticism, but the directors of the district appear to have acquiesced in that action, and it does not appear equitable to require the officer to sustain this loss, as no profit resulted to him from the irregularity, nor did the district sustain any loss. A different method of bookkeeping should have been employed, but, had this been done, the same result would have been reached.

The court ordered the directors holding over as such to call an election for the purpose of electing three directors, to serve for one, two and three years, respectively, and that these directors elect a secretary and treasurer and require a statutory bond to be executed by him.

Under the facts stated, an acceleration of the collection of betterments may not be required; and we do not reverse the decree because of the failure of the court to order this done. The money to be derived under the audit now in progress may suffice to meet these obligations.

There appears, however, to be error in the decree in allowing the secretary and treasurer credit for the deposit which was lost upon the failure of the bank in which it had been made. It is insisted that the treasurer was "simply an officer of a *quasi* public corporation," and that he is liable for the loss of this money in the event only that his negligence had contributed to the loss; and it was not so contended.

We are of the opinion that the treasurer is responsible for this money, although he was not guilty of negligence or bad faith in depositing it in the bank which failed. He was a public officer and did not comply with

the provisions of § 1 of act 182 of the Acts of 1927, page 634, entitled, "An act requiring the commissioners and treasurers of all improvement districts in this State to require depositories of the funds of such improvement districts to give surety bond for the full amount deposited." *Epstein* v. *Kansas City Life Ins. Co., ante* p. 451; *Huffstuttler* v. *State use White County,* 183 Ark. 993, 39 S. W. (2d) 721.

The account of the treasurer will therefore be charged with the amount of this deposit, and, as his account is being audited in the court below, the cause will be remanded with directions to disallow this credit, but the court will allow a credit as was originally done on account of salary.