MARTIN *v.* HARGROVE.

Opinion delivered June 27, 1921.

1. EQUITY—APPOINTMENT OF RECEIVER OF ROAD DISTRICT.—On a complaint by landowners in a road improvement district against the commissioners of such district, alleging that the commissioners had suspended work on the road improvement, an order of the chancery court substituting receivers for the commissioners and directing such receivers to take charge of the affairs and funds of the district and to complete the road is void on its face for want of jurisdiction.

2. CERTIORARI — REVIEW OF VOID JUDGMENT.—Where the chancery court exceeded its jurisdiction in substituting its own receivers for the commissioners of a road improvement district, certiorari is an appropriate remedy to bring such order before the Supreme Court for review.

Certiorari to Franklin Chancery Court; *J. V. Bourland,* Chancellor; orders quashed.

*Dave Partain, G. C. Carter* and *G. L. Grant,* for petitioners and appellants.

The law as announced by this court in 142 Ark. 21-28 settles this case, and the chancellor was without power to oust the commissioners and turn the district and its affairs over to receivers. The general rule is that the appointment of receivers must be ancillary to the main cause. 23 R. C. L. 16; 178 Pac. 438. The commissioners are the duly and legally constituted officers of the district, and should have charge of its affairs, and are the only ones authorized to act for the district, create debts, execute obligations and manage its affairs. Act No. 588, Acts 1919, vol. 2, p. 2157. No fraud or misconduct is charged or shown, and the law is settled in 142 Ark., pp. 21-28; 166 Pac. 770. This court is authorized to grant certiorari and quash vacation orders and decrees of the chancellor, and its orders are final and can not be appealed from, and certiorari is the only remedy. 146 Ark. 314; 139 *Id.* 402-3; 103 *Id.* 571.

*J. D. Benson, J. P. Clayton* and *Evans & Evans,* for respondents and appellees.

The chancellor had jurisdiction, and 142 Ark. 21-28 is not in point. The cases cited by petitioners (116 Ark. 314; 139 *Id.* 402 and 103 *Id.* 571) do not aid petitioners in this case.

Courts of chancery have inherent power over trustees and the administation of trusts, and may make the necessary orders in vacation. The court had jurisdiction. C. & M. Digest, § 8600. This has been the law for sixty years and can not be questioned. See, also, C. & M. Digest, § 8606; 23 R. C. L., p. 32; Whitehouse, Eq. Practice, vol. 1, § 479; Clark on Receivers, vol. 1, p. 119. The appeal should be dismissed, and the petition for certiorari denied.

SMITH, J. This is a petition for certiorari by the commissioners of Road Improvement District No. 1 of Franklin County, Arkansas, to bring up the proceedings in a certain cause now pending in the chancery court of Franklin County. The suit in chancery was commenced by certain landowners in Road Improvement District No. 1 of Franklin County, and the complaint contained substantially the following allegations: Road Improvement District No. 1 was created by special act No. 588 of the Acts of the General Assembly of 1919. The commissioners of the district let a contract for the construction of the improvement within 240 working days from the 1st day of July, 1919. The commissioners had issued and sold $210,000 in bonds, and had expended the proceeds of the sale thereof without completing the road in the western end of the district after having fully completed the roads in the eastern end thereof. Enough work had been done on the road in the western end of the district to make the existing road impassable. The commissioners had promised to repair the road and make it passable, and had promised to complete the road within a specified time, but neither promise had been redeemed, and the commissioners had failed to institute suit against the sureties on the bond of the contractor for the breach of his contract to complete the road. There

was a prayer that receivers be appointed to take over the affairs of the district and complete the road.

The commissioners filed a demurrer and an answer. In the answer they denied they had been guilty of any fraud, mismanagement, or improper conduct, and denied that they had abandoned the construction of the road. They admitted work had been suspended, but alleged that this was temporary, and was due to the failure to receive promised State and Federal aid, and that the improvement would be completed when this aid was received. Attached to this answer was a detailed statement of the district's finances and a tender, for examination, of all its books, papers and vouchers.

On March 21, 1921, the chancellor, sitting in chambers in the city of Fort Smith, heard the application for the appointment of receivers for the district and granted it. This application was heard on the pleadings and exhibits and on oral evidence. After appointing the receivers, the court made an elaborate order for their direction. This order directed the receivers to proceed as a board and for a majority to act, and to receive from the commissioners all papers and records of every kind, and to have an audit thereof made, and to issue and sell receiver's certificates bearing interest at a rate not to exceed 7½ per cent., and to create indebtedness and make contracts of not more than $250 without applying to the court for authority so to do. The receivers were further ordered to locate the contractor and to notify him by registered mail to complete the road, to make immediate arrangements to carry on the work independent of the contractor if the contractor did not resume work under his contract. As a means to this end, the receivers were especially directed to assume control of the road machinery and other equipment of the contractor until the further orders of the court. The contractor was not made a party to this proceeding. The receivers were directed to apply for, to receive and to expend the State and Federal aid apportioned to this road district. In

fine, the receivers were substituted for the commission-
ers, with general directions to complete the improvement
as authorized by special act 588 under the directions and
supervision of the chancery court.

After the institution of this proceeding to cancel
the above order of the court, which, as has been stated,
was made on March 21, 1921, the court made a supple-
mental order amending the order of March 21. This
last order was made on June 2, and it has been brought
up by certiorari. This last order elaborates, to some
extent, the directions of the first, but is important chiefly
because of its recital that the court's orders in the prem-
ises were made with the consent of the commissioners.
The commissioners seek, by affidavit, to show that this
last order was made without notice to them, and that all
the orders which have been made by the court were made
without their consent and over their protest.

These questions of fact can not be considered by us
in this proceeding as we look only to the face of the or-
ders which the proceeding seeks to quash. The orders
themselves are void on their face. The question pre-
sented is conclusively decided by the case of *Paving Dis-
trict No. 5 v. Fernandez,* 142 Ark. 21.

In that case the chancery court made an order direct-
ing its receiver to take charge of the affairs and funds
of Paving District No. 5 of the city of Fort Smith. We
reversed that decree, and in doing so held that the chan-
cery court was without authority to remove these com-
missioners by appointing a receiver. The reasoning of
that case applies with full force here and need not be
repeated.

Inasmuch as the orders of the court exceed its juris-
diction, certiorari is an appropriate way to bring them
before this court for review. *Monette Road Imp. Dist.
v. Dudley,* 144 Ark. 184; *Reed v. Bradford,* 141 Ark. 201;
*Budd v. Burnett,* 138 Ark. 80; *Hilger v. Watkins Medical
Co.,* 139 Ark. 400.

The orders and decrees of the court below are there-
fore quashed.