KEATHLEY *v.* YATES.

5-2175                                          338 S. W. 2d 335

Opinion delivered September 26, 1960.

*M. V. Moody,* for appellants.

*Wright, Harrison, Lindsey & Upton,* for appellee.

PAUL WARD, Associate Justice.  This is an automobile collision case in which the appellants (plaintiffs below) secured a jury verdict and now appeal therefrom on the sole ground that the defendant's attorney committed reversible error in asking a certain question on cross examination of the doctor who was their witness. No facts are in dispute.

On May 30, 1959 appellant, Lucy Keathley, attended by her ten year old daughter, Brenda, while driving her husband's automobile on 3rd Street in North Little Rock, had a collision with a tractor-truck being driven by appellee, W. J. Yates, Jr.  As a result, so it is alleged, Mrs. Keathley and Brenda were injured and the car was damaged.  They filed suit in circuit court against Yates to recover for said injuries, and they were joined by Woodrow Keathley (husband of Lucy and father of Brenda) to recover for loss of consortium and for medical expenses.  Yates filed an answer, and a trial resulted in the following jury verdicts; for Lucy, $225; for Brenda, $50, and; for Woodrow, $275.

From the judgments entered on the above verdicts the Keathleys prosecute this appeal.  The Designation

474

of the Record called for only the following; the judgments, the order overruling the Motion for a New Trial, the testimony of Doctor Carruthers (a witness for appellants), and the objections to the cross examination of the said doctor. Appellants' only point relied on for a reversal reads:

"The lower court erred in not sustaining appellants' objections to a highly prejudicial question asked by appellee's counsel to one of appellants' witnesses, resulting in the assessment of grossly inadequate damages by the jury to each of the appellants."

After Doctor Carruthers had testified concerning the extent of the injuries received by Lucy and Brenda and the treatment given therefor the following occurred on cross examination:

Q. "In other words, you mentioned tension in the muscles of the neck causing her continuing discomfort. Is it not the history of cases like this that when the lawsuit is over the patient is relieved and gets much better?"

*MR. MOODY.*

"Object to asking about her actions when the lawsuit is over."

*THE COURT.*

"He has laid a foundation for it. Let's see what the doctor has to say about it?"

Q. "Is it not the history and have not studies been made in injuries of this type that when the lawsuit is over that the patient is relieved and that the patient gets much better?"

*MR. MOODY.*

"Object to that. He don't know anything about that."

*THE COURT.*

"Overruled."

*MR. MOODY.*

"Save our exceptions."

A. "I don't know whether they would or not."

Q. "Haven't these competent medical studies been made?"

A. "I don't know."

Appellants contend that the above question was prejudicial and therefore calls for a reversal. Appellee cites medical authorities tending to show justification for the question, contending that it was a proper one. We do not deem it necessary here to decide the propriety of the challenged question for the reason that no prejudice is shown or appears from the record which justifies a reversal.

The general principle regarding harmless errors frequently announced by this and other courts is well stated in 5A C. J. S., Appeal & Error, page 677, § 1676, in this language: "It is a fundamental principle of appellate procedure which is universally recognized and applied that a party cannot assign as error that which is not prejudicial to him; and harmless error, that is error unaccompanied by prejudice or injury, is not ground for reversal." The fact that no prejudice resulted here is shown by the negative answer given by Doctor Carruthers, as above set forth. The same contention made here by appellants for a reversal has many times been rejected by this court. In *Bodcaw Lumber Co.* v. *Ford,* 82 Ark. 555, 102 S. W. 896, where an admittedly improper question was asked, the court, at page 560 of the Arkansas Reports, said:

"We see nothing prejudicial in the question, since it was answered in the negative. Though the question was improper, the answer removed all prejudice. Of course, we can imagine a case where an improper question might be repeated often enough to become prejudicial, even though each time it elicited a negative answer. But that was not done in this case."

For similar announcements by this court see: *St. Louis, Iron Mountain & Southern Railway Co.* v. *Freeman*, 89 Ark. 326, 116 S. W. 678; *Harrelson* v. *Eureka Springs Electric Company*, 121 Ark. 269, 181 S. W. 922, and *Zorub* v. *Missouri Pacific Railroad Company*, 182 Ark. 232, 31 S. W. 2d 421.

It follows from what we have said above that the judgment of the trial court must be, and it is hereby, affirmed.

Affirmed.