Donald H. BRIDGES d/b/a/ YELLOW SIGHTSEEING & CHARTER SERVICE *v.* ARKANSAS MOTOR COACHES, Ltd. INC., et al

74-93                                                  511 S.W. 2d 651

Opinion delivered July 22, 1974

*Hobbs and Longinotti,* for appellant.

*Warren & Bullion* by: *Bruce T. Bullion,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant asks us to reverse an order of the Circuit Court of Pulaski County remanding to the Arkansas Transportation Commission the order of that agency granting a certificate of public convenience and necessity to appellant. The abbreviated record upon which this case is submitted consists only of a motion by Arkansas Motor Coaches, Ltd. Inc. to remand, with attached exhibits, appellant's response and an amendment thereto and the resulting circuit court order from which this appeal is taken. Our consideration of this case must be made upon the face of this partial record, because we cannot presume that the judgment is supported by any omitted matter. *Kimery* v. *Shockley,* 226 Ark. 437, 290 S.W. 2d 422.

It is apparent that on some unspecified date the Transportation Commission granted appellant a certificate of public convenience and that appellee appealed that decision to the circuit court. Review there was to have been by trial de novo solely on the record made before the Commission, in a manner not essentially different from our review of a chancery case on appeal. Ark. Stat. Ann. § 73-133, 134 (Repl. 1957); *Torrans* v. *Arkansas Commerce Commission,* 246 Ark. 930, 440 S.W. 2d 558; *Missouri Pacific Transportation Co.* v. *Inter City Transit Co.,* 216 Ark. 95, 224 S.W. 2d 372. See also *Fisher* v. *Branscum,* 243 Ark. 516, 420 S.W. 2d 882; *Motor Truck Transfer* v. *Southwestern Transportation Co.,* 197 Ark. 346, 122

S.W. 2d 471. While the appeal was pending, appellee filed the motion to remand to the Commission for the purpose of taking additional evidence on the fitness of appellant to receive and hold a certificate. The motion was made pursuant to Ark. Stat. Ann. § 5-713 (f) and (h). The ground alleged was that an incident had occurred subsequent to the grant of the certificate that depicted a wilful disregard by appellant of the limitations of the privilege granted him by the Commission and of the rules and regulations of the Commission and so reflected upon appellants fitness to enjoy a certificate that evidence should be included in "this record" and officially brought to the attention of the Commission. The motion was supported by attached newspaper clippings telling of an incident in which several passengers being transported on one of appellant's buses were overcome by carbon monoxide fumes.

Appellant asserted in his response that any relief to which appellee was entitled should be addressed to the Transportation Commission and that the circuit court lacked jurisdiction until all administrative remedies before the Commission had been exhausted. He also alleged that the Commission had complete control of all violations of its orders and of complaints in that respect. By his amendment, appellant asserted that the circuit court lacked power to order a remand because the Administrative Procedure Act [Ark. Stat. Ann. §§ 5-701 - 714 (Supp. 1973)] specifically provides that it shall not apply to the Arkansas Commerce Commission (now Arkansas Transportation Commission).

The circuit court entered its order on the motion upon its finding that, encompassed within the meaning of the term "fit," as applied to those holding certificates of public convenience and necessity, is "the willingness and performance of the applicant, or certificate holder, to strictly abide by the law (including safety requirements) and the rules and regulations of the regulatory commission, but also to observe, strictly, and abide by any and all restrictions and limitations imposed upon the transportation services proposed, performed or to be performed."

This court has the discretion to treat an appeal from a judgment or decree which lacks judicial support as if it were

brought up on certiorari. *Howell* v. *Howell*, 213 Ark. 298, 208 S.W. 2d 22. Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy. *State* v. *Nelson, Berry Petroleum Co.*, 246 Ark. 210, 438 S.W. 2d 33; *North Little Rock Transportation Co.* v. *Sangster*, 210 Ark. 294, 195 S.W. 2d 549; *Burgett* v. *Apperson*, 52 Ark. 213, 12 S.W. 559; *Martin* v. *Hargrove*, 149 Ark. 383, 232 S.W. 596. It is available in the exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *State* v. *Nelson, Berry Petroleum Co.*, supra; *McCain* v. *Collins*, 204 Ark. 521, 164 S.W. 2d 448, *Merchants and Planters Bank* v. *Fitzgerald*, 61 Ark. 605, 33 S.W. 1064. It may only be resorted to in cases where an excess of jurisdiction is apparent on the face of the record. *State* v. *Nelson, Berry Petroleum Co.*, supra; *Martin* v. *Hargrove*, supra. See also, *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W. 2d 357.

Appellant is correct in his assertion that the Transportation Commission is excluded from the provisions of the Administrative Procedure Act; however this does not necessarily mean the circuit court erred in ordering the remand. The only reference in the record to Ark. Stat. Ann. § 5-713 (f) & (h) is in the motion to remand and the amended response to that motion, but the remand order by the circuit judge makes no reference to the Administrative Procedure Act as authority for his action. Even if it could be said that he erroneously relied on the Act, his action would not be reversed if the order to remand can be supported on other grounds, for we have often held that error without prejudice will be no ground for reversal. *Wheeler, Adm'x.* v. *Delco*, 237 Ark. 55, 371 S.W. 2d 130; *Keathley* v. *Yates*, 232 Ark. 473, 338 S.W. 2d 335.

The court's order recited that:

". . . this cause be and is hereby remanded to the Arkansas Transportation Commission with directions to it to hold further hearing herein for the sole purpose of inquiring into the fitness of appellee to hold and possess this, or any other, permit or certificate which would authorize him to engage in public transportation under the Arkansas Motor Carrier Act; and for said Commission to enter its final report and order as to its findings

and conclusions that the evidence so adduced bears upon this issue."

Appellee suggests that the order is not appealable. We have recognized that a proper order of remand by a circuit court to an administrative agency lacks the requisite finality to be an appealable order. *Nolan Lumber Co.* v. *Manning*, 241 Ark. 422, 407 S.W. 2d 937; *Floyd* v. *Arkansas State Board of Pharmacy*, 248 Ark. 459, 451 S.W. 2d 874. However, we find this to be a proper case in which to treat as being brought up on certiorari. We conclude the circuit court clearly acted in excess of its jurisdiction, in its remand of this case. The order *mandated* the Transportation Commission to hold further hearings on the fitness of the appellant to hold any permit or certificate which would authorize them to engage in public transportation. It is clear that the evidence to be adduced under the order related only to appellant's performance, subsequent to the granting of the original certificate, as to obedience of the laws and Commission rules and regulations and observance of restrictions and limitations. It is not the proper function of the circuit court to attempt to control the issuance of certificates of public convenience but only to inquire whether the Commission's determination, based on the record, was contrary to the weight of the evidence. *Motor Truck Transfer Inc.* v. *Southwestern Transportation Co.*, 197 Ark. 346, 122 S.W. 2d 471; *Missouri Pacific Transportation Co.* v. *Inter City Transit Co.*, 216 Ark. 95, 224 S.W. 2d 372.

Ark. Stat. Ann. § 73-1767 (Repl. 1957) provides the procedure by which complaints against a certificate holder for failure to comply with Commission rules and regulations may be filed with the Commission which, after notice and a hearing, has the power to suspend, amend or revoke the holder's certificate. We conclude that the evidence which appellee wished to introduce before the Commission on remand, was clearly in the nature of a complaint that appellant's performance failed to meet Commission rules and regulations and therefore should have been filed as a complaint under Ark. Stat. Ann. § 73-1767.

In view of this we are compelled to say the circuit court's

order clearly went beyond its jurisdiction in remanding this case to the Transportation Commission for a reconsideration of its grant of a certificate of public convenience and necessity to appellant on the only evidence suggested by the motion to remand and the court's order. The order must be vacated.

The order of remand is quashed and the case remanded for further proceedings not inconsistent with this opinion.