**Barbara J. BARRETT and Bonnie Cramer, on behalf of themselves and all others similarly situated**

v.

**Louis J. TULLIO, Mayor of the City of Erie, Pennsylvania and the City of Erie Council**

and

**Lawrence W. Rocki, Jerome Scott, Richard Sawdey, Ronald E. Jones, and Donald Knepper, Intervenors.**

**Civ. A. No. 80–128 Erie.**

United States District Court, W. D. Pennsylvania.

March 20, 1981.

Richard T. Ruth, Erie, Pa., for plaintiffs.

Donald J. Rogala, City Sol., Erie, Pa., for defendants.

Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, Pa., for intervenors.

## OPINION

WEBER, Chief Judge.

Plaintiffs are female applicants for appointment to positions of police officers of

the City of Erie. They passed the physical and mental examinations given in 1980 and were placed on the civil service list in the order of the rank on the examinations.

They have filed this sex discrimination suit alleging that the hiring practices of defendant have unlawfully excluded them from being properly appointed to the position of police officer. Plaintiffs cite several grounds for their claim of discrimination one of which is appropriate for consideration of partial summary judgment. The cross-motions for partial summary judgment have been filed by intervening defendants and plaintiffs. These deal with whether or not the hiring of six officers from an expired civil service list was permitted under the statutes or regulations.

On September 2, 1980, nine individuals were hired as probationary police officers for the City of Erie. Of these nine, three were selected from the current civil service and six were selected from a prior civil service list which had expired November 10, 1979 under the regulations. Plaintiffs claim that the hiring of the six from the expired list violates applicable statutes, ordinances and local regulations.

■ The Civil Service system for Pennsylvania cities of the Third Class is provided for by state statute, 53 P.S. § 35401 et seq. Each city is to appoint an examining board which shall adopt rules and regulations concerning the selection and appointment of persons "as in the judgment of said boards shall be best adapted to securing the best service to the public." 53 P.S. § 39404. As a result of this rule-making authority, the Erie Civil Service Board adopted Rule IV (4) which provides:

> The maximum term of each eligible list shall be two (2) years from the date of certification to the City Council by the Board, unless otherwise prescribed by the Board. Any vacancy existing prior to exhaustion of a list and prior to the expiration of a list must be filled from said list in effect at the time the vacancy occurred.

The Board also adopted Rule VII(1) which provides that the Board is to certify to City Council the three top names of available eligibles for the position for which a vacancy exists. This is also required by state statute, 53 P.S. § 39408.

Finally, the City of Erie adopted Ordinance No. 1–1971 § 29, [§ 133.28 of the codified ordinances of the City of Erie (Administrative Code)]. This ordinance provides that "no name shall remain upon the eligibility register for more than two years."

Intervening defendants allege that the hiring of the six individuals from the expired list was proper under Rule IV (4) since the vacancies these individuals were appointed to fill occurred when that civil service list was still in effect.

Plaintiffs allege that the appointments under this provision were illegal for two reasons. They claim that the saving provision of Rule IV is arbitrary and capricious on its face because its purpose is contrary to the Pennsylvania Civil Service statute. They also claim the saving provision contains no expiration date which creates an ambiguity which allows City Council and the Mayor to choose from more than one list in selecting candidates. We find both these grounds to be without merit.

As to plaintiffs' claim that the provision is arbitrary and capricious, plaintiffs themselves have stated that the provision can be sustained if some rational connection exists between the purposes of the Rule and the statutory mandate of "securing the best service for the public." This rational link does exist here.

The Civil Service system was established to eliminate the potential abuses of political hirings and firings in certain public positions. The saving provision of Rule IV (4) helps to accomplish this goal. By requiring candidates be selected from the list in effect at the time vacancy occurred, the Board assures that the City Council cannot avoid the appointment of candidates it may dislike by simply refusing to fill the vacancy until after the list expires. This safeguard assures the neutrality of the civil service system and becomes even more im-

portant in cities where, as here, vacancies are not always filled immediately, but must be postponed for any number of valid reasons.

Plaintiffs claim that Rule IV (4) contravenes the reason for establishing an expiration date for civil service lists, which is to insure that all candidates have been recently tested for eligibility requirements. They are concerned by the fact that this allows for selection from candidates who had been tested well over two years previously. The passage of time may have effected their mental or physical prowess and reduced their eligibility. This risk is inherent in the whole civil service system and can easily occur within the strict two year time period that plaintiffs support. This is easily rectified and guarded against by the requirement of the six month probationary status prior to permanent hiring. Any deficiencies may be detected during this period and any lacking candidate will not be hired on a permanent status.

The saving provision of Rule IV(4) does not defeat the purpose of civil service eligibility lists, nor is it arbitrary or capricious. The provision is rationally related to the mandates of the civil service system.

Plaintiffs second allegation, that the absence of an expiration date allows defendants unbridled opportunities in selecting which list to use in filling pre-expiration vacancies, is totally without merit. The provision itself states that the vacancy *must* be filled from the list in effect at the time the vacancy occurred. The lack of an expiration date does not create any ambiguity whatsoever. The defendants are bound by the regulation.

Finally, as intervening defendants point out, the city ordinance which sets out the normal life of a civil service list as being two years, is not inconsistent with Civil Service Board Rule IV (4). The two can easily be read together. Under the civil service system now in effect, a list will expire after two years from the date of certification. Any vacancies which occur during the life of that list must be filled from that list. Once that list expires, any

vacancies that occur thereafter must be filled from a new list. If one has not yet been compiled, the Board must give the examination and prepare a new list. It is clear, therefore, that under the present system, a civil service list does have a definite expiration date which proscribes the Board or defendants from discretionary hiring.

 Intervening defendants have also moved for partial summary judgment on plaintiffs' claim that the City's application of veteran's preference was unlawful. This court feels that the issue of the constitutionality of veteran's preference was clearly established by the United States Supreme Court in *Personnel Administration of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). Veteran's preference is lawful even where it is alleged that its application results in discrimination against women. Any claim that the defendants acted unlawfully when applying veteran's preference is without merit.