William K. BALL *v.* Honorable Paul K. ROBERTS,
Circuit Judge

86-179                                      722 S.W.2d 829

Supreme Court of Arkansas
Opinion delivered January 26, 1987
[Rehearing denied February 23, 1987.*]

*Holt, C.J., and Purtle, J., would grant rehearing.

*Petitioner*, pro se.

*Samuel B. Pope*, for respondent.

DARRELL HICKMAN, Justice. The petitioner, William K. Ball, is a licensed attorney from Monticello, Arkansas. He was appointed by Judge Paul Roberts to represent Mary McKinley in a criminal case in Drew County, Arkansas. Ball filed a motion to void the appointment on two grounds. First, he relied on Ark. Stat. Ann. § 43-2419 (Supp. 1985) which provides in pertinent part:

> An attorney shall not be so appointed by a court if the attorney certifies to the court in writing, that he or she has not attended or taken a prescribed course in criminal law in an accredited school of law within twenty-five (25) years prior to the date of appointment, that the attorney does not hold himself or herself out to the public as a criminal lawyer, and does not regularly engage in the practice of criminal law.

Ball certified to the court in writing that he had not attended an accredited school or taken a course in criminal law within the last 25 years, did not practice criminal law, and had not handled a criminal case since 1957. Second, he asserted he was simply not qualified to represent the defendant, and to accept the appointment would violate the Model Rules for Professional Conduct, because he could not competently represent a defendant in a criminal case.

The trial judge ruled Ark. Stat. Ann. § 43-2419 unconstitutional because it violated the 14th Amendment to the United States Constitution and Art. 2, § 10 of the Arkansas Constitution as a deprivation of the defendant's right to counsel. The trial judge discussed the existing situation in Drew County, which has no public defender. He observed that counsel have to be appointed from members of the local bar, Ball was a competent attorney and would be a capable defense counsel after familiariz-

ing himself with recent criminal procedure. Ball petitioned us for relief.

The trial court correctly held that the statute was unconstitutional but gave the wrong reason. The statute violates the separation of powers provisions contained in Art. 4, §§ 1 and 2 of the Arkansas Constitution, which provide:

> The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confined to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.

> No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

According to the separation of powers doctrine ". . . one department cannot interfere with, or encroach on, or exercise the powers of, either of the other departments, . . ." 16 C.J.S. *Constitutional Law* § 111 (1984). The judicial power of Arkansas is, of course, in the appellate, trial and inferior courts. Ark. Const. art. 7, § 1. Amendment 28 also grants the Supreme Court the exclusive power to regulate the practice of law and the professional conduct of attorneys.

In *McConnell v. State*, 227 Ark. 988, 302 S.W.2d 805 (1957), the legislature passed an act requiring every court to grant a continuance upon request by a member or employee of the legislature within a specified period of time surrounding the legislative session. We found that the act violated the separation of powers doctrine because the act deprived the courts of the power to decide a judicial question. *McConnell* explained that the legislature could aid the courts in the execution of their judicial powers but cannot arbitrarily compel the use of that power. See also *Weems v. Supreme Court Committee on Professional Conduct*, 257 Ark. 673, 523 S.W.2d 900 (1975).

The right to decide whether an attorney, who regularly practices before a court, can be appointed to represent an indigent in a criminal case is a judicial question, not a legislative one. Ark.

Const. art. 4, §§ 1 and 2; Ark. Const. amend. 28; see also Ark. Stat. Ann. § 43-1203 (Repl. 1977); A.R.Cr.P. Rule 8.2. The legislature invaded the province of the judicial branch of government in declaring certain attorneys could not be appointed as counsel in a criminal case.

■ Ball asks us for one of three extraordinary remedial writs: prohibition, mandamus, or certiorari. The first two are clearly not warranted because the trial court had jurisdiction and this was a discretionary act. The third writ, certiorari, is a writ which is discretionary on our part. *Bridges* v. *Arkansas Motor Coaches*, 256 Ark. 1054, 511 S.W.2d 651 (1974). On certiorari, we review only the face of the record and cannot consider questions of fact. *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973); *Martin* v. *Hargrove*, 149 Ark. 383, 232 S.W. 596 (1921).

In *McKenzie*, we denied certiorari to review an order of the trial court authorizing an out-of-state attorney to appear as attorney of record. On the face of the record, the trial court had jurisdiction to enter the order. In this case on the face of the record, the trial court correctly held the statute unconstitutional so the appointment cannot be voided on the basis of the statute.

■ The second argument concerns the trial court's discretionary act in appointing Ball as counsel in a criminal case. To grant certiorari in this case would be to review both the trial court's discretionary act and questions of fact, which we cannot do. *Henderson* v. *Dudley*, 264 Ark. 697, 574 S.W.2d 658 (1978). Ball is not precluded, however, from preserving for appeal in the criminal case the question of whether the trial court was wrong in appointing him counsel.

Denied.

PURTLE, J., dissents. HOLT, C.J., and DUDLEY, J., concur.

ROBERT H. DUDLEY, Justice, concurring. I concur in holding that the power to decide which attorneys must represent indigent defendants resides in the courts and not in the legislature.

However, the majority opinion, without more, leaves open the real possibility that indigent defendants may have an attorney

appointed to represent them who is not qualified to practice criminal law. Such a result is unfair to the indigent defendant as well as to the appointed attorney.

The statute expresses a common sense approach to the problem. It provides that an attorney should not be appointed to represent an indigent defendant when that attorney: (1) has not taken a law school course in criminal law in the last twenty-five years, and (2) does not hold himself out as practicing in the field, and (3) does not regularly engage in the practice of criminal law.

Under our rule-making authority, I would adopt the statute as a rule of this Court. *See Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986).

HOLT, C.J., joins in this concurrence.

JOHN I. PURTLE, Justice, dissenting. Even though the majority opinion declares Ark. Stat. Ann. § 43-2419 (Supp. 1985) to be unconstitutional, the real problem presented by this appeal is not solved. The real issue is the accused's right to effective assistance of counsel as required by the Sixth Amendment to the United States Constitution and Article 2, Section 10 of the Constitution of Arkansas. I believe it is a denial of the accused's constitutional right to counsel if the attorney appointed by the court justifiably certifies that he is unable to effectively represent the accused and the attorney is nevertheless required to continue with the appointment.

The effect of the majority opinion is to force an able and outstanding lawyer in the field of civil litigation to undertake a criminal defense, which he readily admits he is not qualified to do. William K. Ball will, if required, likely do a better job than many self-proclaimed defense lawyers. But an honorable and decent attorney may eventually be placed in the position of being forced to admit that he was ineffective. If a Rule 37 petition is granted at some point in the future, his career and public image will be tarnished by the fact that he was held to be ineffective.

I believe the criteria set out in Ark. Stat. Ann. § 43-2419 provide a sound standard for determining when an appointed attorney should be allowed to withdraw as counsel. There is no requirement that the standard for withdrawal of counsel be statutory. Since the majority opinion has declared the statute

unconstitutional, I believe we should adopt this standard as precedent or as a rule of this Court. The statute contains a good common-sense solution to the dilemma presented in this appeal.

In my opinion we should allow appellant to withdraw as counsel for the accused.