The Honorable Irma Hunter Brown State Representative 1920 S. Summit Little Rock, Ar 72202-6250
Dear Representative Brown:
This is in response to your request for an opinion on the following:
 Please interpret Arkansas Code Annotated Section 17-1-101, as it relates to its constitutionality. Also Section 21-3-302, as it relates to its constitutionality. In conclusion, please interpret Section 16-22-202 of the Arkansas Code Annotated.
The first statute you cite, A.C.A. § 17-1-101, grants a "veterans preference" for veterans taking professional licensing exams or other similar exams. The second statute, A.C.A. § 21-3-302, grants a "veterans preference" in state employment. The last statute, A.C.A. § 16-22-202, requires every applicant for admission to practice law in this state to be examined pursuant to rules of the Arkansas Supreme Court.
The first statute, A.C.A. § 17-1-101, provides in pertinent part that:
 In all examinations held by any and all state boards, commissions, or bureaus held for the purpose of examining applicants for any license or permit to engage in any profession, trade, or employment, all applicants for such examinations who are veterans of the Army, Navy, Marines, or Nurses of the United States shall have a credit of ten percent (10%) over and above all applicants who are not such veterans or nurses.
In response to the first part of your question, there appear to be no apposite Arkansas, other state, or federal cases discussing the constitutionality of statutes similar to A.C.A. § 17-1-101. While there are many cases addressing the constitutionality of "veterans preferences" in an employment context (see discussioninfra), my research reveals none governing such preferences with regard to professional licensing. It should be noted, however, that statutes are presumed constitutional, Stone v.State, 254 Ark. 1011, 498 S.W.2d 634 (1973), and if it is possible to construe an act so that it will meet the test of constitutionality, courts not only may, but should and will do so. Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988).
It is my opinion, despite the presumption, that the statute is constitutionally suspect. In a challenge, which might be based upon the equal protection, privileges and immunities, or due process clauses, the applicable standard would be the rational basis test. If any conceivable rationale for the statute supports a legitimate legislative objective, the statute will be upheld. Statutes are rarely struck down under this standard. Courts faced with analogous preferences in the employment context have found rational bases to support them. See cases cited infra. These cases, however, disfavor a preference which would operate to let an applicant pass an examination where he otherwise would not.See infra C.J.S. at 4. The rationale of these cases requires that an applicant pass because it is not deemed "rational," under the "rational basis test," to hire an unqualified applicant over one who is qualified.
The statute in question (A.C.A. § 17-1-101) grants a credit to veterans which may be used in determining whether they in fact have passed the examination. In my opinion, the licensing of unqualified applicants to engage in various professions and trades would not meet the "rational basis" test as set out and analyzed by courts in the analogous employment context. Additionally, a potential challenge to the statute may arise under the "vagueness" doctrine of the due process clause. The statute grants veterans a ten percent credit "over and above all other applicants." It is unclear how this credit is to be applied, that is, to which figure the ten percent credit is added. If an act of the legislature is so incomplete, vague, indefinite, or uncertain that persons of common intelligence must necessarily guess at its meaning and application, it denies due process of law. Grayned v. City of Rockford, 408 U.S. 104
(1972).
Finally, subsection (c) of § 17-1-101 provides that "[t]he advantage given to veterans or nurses under and by this section shall be the same as is given to such veterans and nurses by the Acts of Congress for federal positions and licenses." To the extent that this subsection incorporates the federal legislation on the subject existing at the time of the passage of the act, there is no constitutional infirmity. If, however, it is construed to incorporate subsequently enacted federal provisions, an unconstitutional delegation of legislative authority will have occurred. See Arkansas Constitution, art. 4, § 2, and Cheneyv. St. Louis S.W.R.R., 239 Ark. 870, 394 S.W.2d 731 (1965).
Your second question inquires as to the constitutionality of A.C.A. § 21-3-302. It is my opinion that A.C.A. § 21-3-302 is constitutional. This statute provides in pertinent part:
 (b) In every department of state government, honorably discharged men and women from the military or naval forces of the United States who served in any war . . . or their widows or widowers, who are citizens and residents of this state, shall be entitled to preference in appointment and employment over other applicants after meeting substantially equal qualifications. . . .
 (c) If there is an examination given for the purpose of establishing an employment list for such public sector jobs, and a preferred person attains a passing grade thereon, he or she shall have (5) points added to his or her final earned rating.
Certain disabled veterans are entitled to a ten point addition.
It is my opinion that this statute is constitutional based upon the holding of many other cases interpreting similar statutes. These holdings are summarized at 67 C.J.S. Officers § 37 (b), as follows:
 Provisions granting a preference to veterans in appointments are generally held to be valid, as against contentions that they constitute improper class legislation, or are violative of the equal protection guaranty. . . . Such provisions are valid if the veteran is required to be competent and qualified to fill the position, office, or employment, and if there is no discrimination as between veterans and nonveterans in fixing the standards of, and in determining, competency and qualification. . . . A provision giving a special credit to veterans who pass the examination for an office or position has been held valid, and not violative of the equal protection guaranty. However, it is invalid to grant a credit which goes beyond the scope of the actual advantages gained by military service, or which establishes a lower passing mark for veterans or gives them a credit to be used in determining whether they have passed. . . . [Footnotes omitted.]
67 C.J.S. Officers § 37, at 302-303. See also PersonnelAdm'r. of Massachusetts v. Feeney, 442 U.S. 256 (1979); Whitev. Gates, 253 F.2d 868 (D.C. Cir. 1958), cert. denied,356 U.S. 973 (1958); Fredrick v. U.S., 507 F.2d 1264 (Ct.Cl. 1974); Barrett V. Tullio, 509 F. Supp. 1216 (W.D. Pa. 1981);Branch v. Du Bois, 418 F.Supp. 1128 (N.D. Ill. 1976);Feinerman v. Jones, 356 F.Supp. 252 (M.D. Pa. 1973); Koelfgenv. Jackson, 355 F.Supp. 243 (D. Minn. 1972), aff'd,410 U.S. 976 (1973); Ballou v. State, Dept. of Civil Service,75 N.J. 365, 382 A.2d 1118 (1978); Greeley v. Civil Service Commission,1 Mass. App. 746, 306 N.E.2d 449 (1974); Williams v. State CivilService Commission, 7 Pa. Comm. 554, 300 A.2d 799 (1973); Stateex rel. Higgins v. Civil Service Commission of City ofBridgeport, 139 Conn. 102, 90 A.2d 862 (1952); Uhlmann v.Conway, 101 N.Y.S. 2d 4, 277 App. Div. 478 (1950); Ricks v.Department of State Civil Service, 200 La. 341, 8 So.2d 49
(1942); and State ex rel. King v. Emmons, 128 Ohio St. 216,190 N.E. 468 (1934).
Section 21-3-302 does require that each veteran applicant pass any applicable examination and points or credit are added only after this determination. It is my opinion that the statute is constitutional under the line of cases listed above.
Your third question requests "interpretation" of A.C.A. §16-22-202. I construe your question as inquiring whether the examinations required under this statute are subject to the ten percent veterans preference granted at A.C.A. § 17-1-101. It is my opinion that they are not.
Although the language of A.C.A. § 17-1-101 applies to "all examinations held by any and all state boards, commissions, or bureaus held for the purpose of examining applicants for any license or permit to engage in any profession . . .," it is my opinion that to apply it to the bar examination conducted by the State Board of Law Examiners would violate the separation of powers doctrine embodied at Arkansas Constitution, art. 4, §§ 1
and 2. Section 16-22-202 of the Arkansas Code provides that:
 Every applicant for admission to practice law in the courts of this state shall be examined pursuant to rules of the Supreme Court of this state and shall, before his or her admission, produce to the court, by sworn petition, satisfactory proof of the qualifications found in § 16-22-201.
This statute thus acknowledges the Supreme Court's authority to regulate admission to the bar. This authority was solidified with the adoption of Amendment 28 to the Arkansas Constitution, which provides that: "The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law." In partial response to this duty, the Supreme Court has adopted "Rules Governing Admission to the Bar" which provide, at Rule VIII, that bar "[a]pplicants must make an average grade of 75 percent on all subjects in order to pass." No exception or special credit is given under this rule to veterans. It has been stated recently that Amendment 28 gave the Supreme Court the "exclusive" power to regulate the practice of law and the professional conduct of attorneys. Ball v. Roberts,291 Ark. 84, 86, 722 S.W.2d 829 (1987). It is therefore my opinion that any attempt by the legislature to regulate the scoring of bar exams and to give preferences to certain applicants would violate the separation of powers doctrine. This is a matter for the Supreme Court. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General