The Honorable Jean Edwards State Senator 8607 Earl Chadick Road Sherrill, Arkansas 72152
Dear Senator Edwards:
This is in response to your request for an opinion on several questions concerning the provision of counsel for indigent defendants in Jefferson County. You note that Jefferson County does not have a public defender program, but contracts for legal services in an attempt to "levelize" expenditures. You also indicate that the County currently follows the provisions of A.C.A. 19-11-801 to -805 (Cum. Supp. 1993) ("Procurement of Professional Services") in obtaining these services.
Your first question involves A.C.A. 19-11-803 which authorizes the "political subdivision" to evaluate the qualifications of the professionals being considered. You question whether this responsibility should be exercised by the county judge or whether it should somehow be shared with the circuit judges in whose courtrooms the attorneys will appear. Your second question inquires as to which person is actually the "political subdivision" for purposes of making the selection under 19-11-804.
In response to both of these questions, it is my opinion that it is unclear under current law whether A.C.A. 19-11-801 to -805 even applies to the awarding of contracts for indigent defense. In addition, excluding circuit judges from the decision-making process may raise separation of powers concerns. See generally, Ball v. Roberts, 291 Ark. 84,722 S.W.2d 829 (1987), and Rule 8.2 of the Arkansas Rules of Criminal Procedure.
In any event, the General Assembly recently addressed the topic of indigent defense in Act 1193 of 1993. A portion of the codification of this act, A.C.A. 16-87-206(f) provides as follows:
 Each county in the state shall implement a public defender system designed to provide legal representation to indigent persons charged with offenses punishable by imprisonment. The commission shall annually evaluate the public defender system of each county and determine whether the system is in compliance with the policies and standards established by the commission pursuant to this subchapter.
The "commission" is the Arkansas Public Defender Commission, also created by Act 1193 of 1993. The statute above gives it supervisory authority over each county's "public defender system." It is this body to whom the questions concerning Jefferson County's system should be addressed. The Commission has the authority to determine whether the County in fact has a "public defender system" as required by A.C.A. 16-87-206(f) and whether the use of A.C.A. 19-11-801 — 805 by the county is in "compliance with the policies and standards established by the commission."
You have posed one final question with regard to the County's obligation to pay for indigent defense. You reference the recent decision of State v. Post, 311 Ark. 510, 845 S.W.2d 487
(1993), in which the Arkansas Supreme Court held, in an absence of any state statute or county ordinance requiring the county to pay for indigent defense, that the state was ultimately responsible for the payment. Your questions with regard to this case are which, if any, code provision delegates this responsibility to the counties, and whether the Post decision means that counties do not have to bear the expense at all.
Act 1193 of 1993 was enacted in response to the Post decision, and now clearly places an obligation on all counties to implement a "public defender system." See again, A.C.A.16-87-206(f). This act now governs the issue of indigent defense and should be studied by the County's regular counsel, in cooperation with the Arkansas Public Defender Commission in order to determine the County's options and obligations thereunder.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh