The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, Arkansas 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion concerning the following question: "Can the legislature pass a law for an initiated act for a constitutional amendment to modify or bar contingency fees?"
I will assume that you are referring to contingent fee contracts between attorneys and their clients. First, I am unclear as to what is meant by the legislature "passing a law for an initiated act for a constitutional amendment." The legislature, as you are aware, does not pass "initiated acts," the voters do. Arkansas Constitution Amendment 7 provides the power and procedure whereby the voters may, by a properly filed initiative petition, propose and vote upon an initated act or a constitutional amendment. An initiated act may then be amended or repealed by a two-thirds vote of both houses of the general assembly. The power of the general assembly to amend the constitution derives from Ark. Const. art. 19, § 22. Either branch of the legislature may propose an amendment to the constitution at a regular session of the general assembly. The amendment must be agreed upon by a majority of both houses and be submitted to the voters for approval or rejection. The proposed initiated act or constitutional amendment you present would thus need to be instituted by one of these procedures.
As to the merits of such a constitutional amendment, it is difficult for me to render a meaningful opinion on a hypothetical measure, the substance of which it is impossible to review. This is especially true with regard to a proposed amendment to "modify" attorney contingent fees as I have not been provided with any information as to the extent or nature of the proposal. I would note that contingent fee contracts are already prohibited by law in certain instances. The Model Rules of Professional Conduct, which were promulgated by the Supreme Court under the authority of Amendment 28 of our state constitution, govern the practice of law and conduct of attorneys. Rule 1.5, although allowing contingent fee arrangements in general, expressly bars such contracts in certain domestic relations matters and criminal cases or where prohibited by "other law." Rule 1.5(c) and (d). One example of such a statutory prohibition includes any contingent fee arrangements for state contract work. See A.C.A. § 19-11-708 (Repl. 1994). In the context of tax collection, this office has previously opined that contingency fees are prohibited as compensation to the collectors and that such prohibition also applies to private attorneys. See Op. Att'y Gen. 94-276, enclosed.[1] Therefore, as to any measure to "modify" contingent fees, I cannot speculate as to the validity of such a measure without knowing the details of the proposal and simply refer you to the existing restrictions under current law, as noted above.
With regard to an initiated act or constitutional amendment to bar attorney contingent fees altogether, however, such a measure raises a number of concerns. It should first be noted that any proposal to bar contingent fees would, in my opinion, need to be by way of constitutional amendment rather than by statute. Arkansas Constitution Amendment 28
gives the Arkansas Supreme Court the exclusive authority to regulate the practice of law under which authority it has expressly sanctioned the use of contingent fees. Model Rules of Professional Conduct Rule 1.5 (1994). Any proposed statute completely barring such contracts would thus likely violate the separation of powers doctrine. See, e.g., Ball v. Roberts,291 Ark. 84, 722 S.W.2d 829 (1987). A subsequent constitutional amendment, however, will prevail over a previous one to the extent the two conflict. Wright v. Storey, 298 Ark. 508, 769 S.W.2d 16 (1989).
Although contingent fees were once held at common law to be champertous, and therefore illegal, they have long since been upheld by virtually every jurisdiction as valid and enforceable contracts. See Henry, Walden Davis v. Goodman, 294 Ark. 25, 32, 741 S.W.2d 233, 238 (1987); S. Speiser, Attorneys' Fees, Vol. 1 (1973 and Cum. Supp. 1994). It has been recognized that contingent fees may provide the only practical means by which an aggrieved party can afford to bring his claim. S. Speiser,supra. Further, while a state's right to place restrictions on contingent fee contracts have withstood various constitutional challenges, it has been suggested that a complete prohibition of contingent fees may impair the freedom to contract guaranteed by Article 1, § 10 of the United States Constitution. See F. MacKinnon, Contingent Fees for LegalServices: A Study of Professional Economics and Responsibilities (1964).
Therefore, although I have not found any legal authority that would render a constitutional amendment for an absolute ban on contingent fees void, per se, it is my opinion that the well established history supporting these fee arrangements and an arguable challenge on the basis of Article 1, § 10, may be difficult to overcome if presented for judicial decision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh
[1] For a general discussion of state and federal statutory provisions which limit or modify contingent fees, see S. Speiser, Attorneys' Fees,
Vol. 1, § 2.11 (1973 and Cum. Supp. 1994).