The Honorable Chris Raff, Prosecuting Attorney Seventeenth Judicial District 411 North Spruce Searcy, Arkansas 72143
Dear Mr. Raff:
This opinion is being issued in response to your recent questions regarding the power of quorum courts to enact ordinances creating new expenditure and bidding requirements. You have asked:
 (1) May a quorum court properly pass an ordinance which would require the county judge to submit bids for the quorum court's approval on any expenditure of county funds over $10,000.00 other than expenditures for payroll and utilities?
 (2) Would such an ordinance improperly conflict with any state laws in violation of A.C.A. § 14-14-808 and -809?
 (3) Would such an ordinance violate the separation of powers doctrine or improperly infringe on the power of the county judge as county executive or as county purchasing official?
RESPONSE
Question 1 — May a quorum court properly pass an ordinance which wouldrequire the county judge to submit bids for the quorum court's approvalon any expenditure of county funds over $10,000.00 other thanexpenditures for payroll and utilities?
It is my opinion that a quorum court may pass an such an ordinance.
County quorum courts are given the authority to exercise legislative power that is not denied by the constitution or by the state laws governing county affairs. ARK. CONST., am. 55, § 1; A.C.A. § 14-14-801. Although the General Assembly has expressly denied quorum courts certain powers, see A.C.A. § 14-14-805, it has not expressly denied them the power to enact an ordinance establishing expenditure requirements. The General Assembly has designated certain state laws to which county legislative authority is subordinate. A.C.A. § 14-14-807. Among those state laws are "[a]ll laws regulating finance . . . procedures and powers of local government." A.C.A. § 14-14-807(6). Although the ordinance that you have described is one that touches upon matters of finance, it is my opinion that the state laws regulating finance do not have the effect of prohibiting the type of ordinance that you have described. I have reached this conclusion by examining those laws in the context of the provisions of the laws which describe the degree to which counties must subordinate themselves to state laws.
State law requires that counties obtain formal bids in all instances in which the estimated purchase price will equal or exceed ten thousand dollars. A.C.A. § 14-22-104. However, state law goes on to exempt sixteen items from the bidding requirement. A.C.A. § 14-22-106. The question, then, is whether the county can enact a procedure that exempts fewer items from the bidding procedure.
The provisions of A.C.A. § 14-14-808 provide guidance in answering this question. It states that counties may not enact legislation that in "inconsistent with" the state law requirement. It then goes on to define legislation that is "inconsistent with" state law as legislation that "establishes standards or requirements which are lower or less stringent than those imposed by state law." A.C.A. § 14-14-808(b). The ordinance that you have described does not fall within this definition of inconsistency with state law, in that it establishes an expenditure standard that is higher and more stringent than the standard established by state law. That is, the county ordinance requires formal bidding for more purchases than does state law.[1]
For these reasons, I conclude that an ordinance such as the one that you have described is not inconsistent with state law, is properly subordinate to state law, and is therefore permissible.
Question 2 — Would such an ordinance improperly conflict with any statelaws in violation of A.C.A. § 14-14-808 and -809?
For the reasons stated in response to Question 1, it is my opinion that such an ordinance would not violate the provisions of A.C.A. § 14-14-808
or -809.
Question 3 — Would such an ordinance violate the separation of powersdoctrine or improperly infringe on the power of the county judge ascounty executive or as county purchasing official?
It is my opinion that such an ordinance would not violate the separation of powers doctrine.
The county separation of powers doctrine is set forth in A.C.A. §14-14-502. It prohibits any one department of government from exercising any power belonging to either of the other two departments of government. (The county doctrine is analogous to the state separation of powers doctrine, which is embodied in Article 4, § 2 of the Arkansas Constitution, and which prohibits any one department of government from interfering with, encroaching upon, or exercising the powers of either of the other departments of government. Ball v. Roberts, 291 Ark. 84,722 S.W.2d 829 (1987).)
An ordinance that merely establishes a county purchasing procedure, but does not alter the county judge's legal responsibilities with regard to that purchasing procedure, does not constitute an exercise of (nor an interferance with or encroachment upon) any of the powers belonging to the county judge. The county judge is given the power "to authorize and approve disbursement of appropriated county funds," see ARK. CONST., am. 55, § 3; A.C.A. § 14-14-1101(a)(2). The General Assembly has defined the exercise of this power as entailing the county judge's responsibility of determining that . . . "all state purchasing laws and other state laws or ordinances of the quorum court are complied with in the expenditure of the moneys." A.C.A. § 14-14-1102(b)(2)(B)(iii). Although the county judge is empowered to promulgate administrative rules and regulations regarding the financial management of county government, those rules and regulations must be consistent with "the appropriate ordinances enacted by the quorum court." A.C.A. § 14-14-1102(b)(2)(C)(iii)(b).
It is therefore clear, under these authorities, that while the county judge is authorized to execute the requirements of the laws and ordinances regarding county finance, the general assembly and the county quorum court are given the ultimate power to determine what those requirements are.
I must therefore conclude that inasmuch as the ordinance that you have described does not take away the county judge's authority to execute the requirements of the laws and ordinances regarding county finances, but rather, simply determines what those requirements are to be, it does not violate the separation of powers doctrine.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The provisions of A.C.A. § 14-14-809 provide guidance by analogy regarding this matter. That section states that if a county is authorized to legislate in an area regulated by state law, the county's legislation in that area must be "consistent with" the state law. The statute then goes on to provide that if the state law on the subject in question establishes a minimal standard of conduct, the county legislation is "consistent with" state law if it establishes a standard which is "the same as, or higher or more stringent than the state standard." Although this provisions is not directly applicable to your question in that the ordinance that you have described does not establish a standard of "conduct," the provision does, nevertheless provide guidance. That is, it would seem to indicate that since the ordinance in question establishes a standard that is higher and more stringent than the state standard, it is permissible.