William KIMBLE *v.* STATE of Arkansas

CA CR 97-821 965 S.W.2d 139

Court of Appeals of Arkansas
En Banc
Opinion delivered February 25, 1998

*James Marschewski*, Public Defender, Twelfth Judicial District, for appellant.

*Didi Sallings*, Executive Director, Public Defender Commission, for appellee.

JOHN MAUZY PITTMAN, Judge. Mr. James Marschewski, Public Defender for the Twelfth Judicial District and attorney for the appellant, has filed this motion seeking leave to withdraw as counsel. He seeks to have the recently created Capital, Conflicts, and Appellate Office of the Arkansas Public Defender Commission appointed as counsel for appellant. As grounds for his motion, Mr. Marschewski cites his office's heavy caseload and limited resources.

Mr. Marschewski failed to serve a copy of his motion on the Capital, Conflicts, and Appellate Office. Therefore, we ordered our Clerk to serve that office. The Executive Director of the Public Defender Commission has now responded. She denies that Mr. Marschewski's motion should be granted, asserting that the Capital, Conflicts, and Appellate Office is afflicted with its own substantial caseload and limited resources.

Our supreme court was recently faced with an identical motion from Mr. Marschewski's office in the case of *Efurd v. State*, CR97-1208. That motion was denied without comment on January 29, 1998. Inasmuch as the two motions are indistinguishable from one another, and in light of the circumstances faced by the

Capital, Conflicts, and Appellate Office, we are not persuaded that the motion before us should be granted.

 Motion denied.

ROBBINS, C.J., and JENNINGS, BIRD, and STROUD, JJ., agree.

ROGERS, CRABTREE, and ROAF, JJ., concur and would deny the motion without comment.

AREY, NEAL, GRIFFEN, and MEADS, JJ., dissent.

D. FRANKLIN AREY, III, Judge, dissenting. The Sebastian County Public Defender requests permission to withdraw from this case, alleging that "it is impossible [for him] to provide representation that meets constitutional requirement." The public defender explains that his office is understaffed when compared to public defenders in other districts, due to an inequitable allocation of public defenders by the Public Defender Commission. For the reasons explained below, I believe this motion deserves greater attention than it receives from our court.

An analysis of our duty to act in this area should begin with the separation of powers provisions of the Arkansas Constitution.

> The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.

> No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

Ark. Const. art. 4, §§ 1, 2. The judicial power of Arkansas is vested in its appellate, trial, and inferior courts. *See* Ark. Const. art. 7, § 1. Our supreme court has the exclusive power to regulate the practice of law and the professional conduct of attorneys. Ark. Const. amend. 28.

The appointment of a public defender to represent indigent defendants is a power reserved to the judicial branch. *See Ball v.*

*Roberts*, 291 Ark. 84, 722 S.W.2d 829 (1987); *Mears v. Hall*, 263 Ark. 827, 569 S.W.2d 91 (1978). "The Constitution of the State of Arkansas requires *the court* to appoint counsel for indigent defendants." *State v. Post*, 311 Ark. 510, 520, 845 S.W.2d 487, 492 (1993)(emphasis supplied).

In *Ball*, our supreme court reviewed the constitutionality of a statute excluding certain attorneys from eligibility for court appointment to represent indigents. After reviewing the constitutional provisions cited above, our supreme court stated:

> The right to decide whether an attorney, who regularly practices before a court, can be appointed to represent an indigent in a criminal case is a judicial question, not a legislative one. Ark. Const. art. 4, §§ 1 and 2; Ark. Const. amend. 28; . . . . The legislature invaded the province of the judicial branch of government in declaring certain attorneys could not be appointed as counsel in a criminal case.

*Ball*, 291 Ark. at 86-87, 722 S.W.2d at 830 (citations omitted). Because of the procedural posture of the case, our supreme court denied relief to the attorney challenging his appointment. *Id.*

In *Mears*, our supreme court reviewed the propriety of the establishment of a public defender system in the Sixth Judicial District. The system was created when, acting pursuant to state statute, two circuit judges entered an order continuing the operation of the existing public defender system. Our supreme court quoted with approval an opinion of the Supreme Court of Colorado.

> The appointment of a public defender does not differ significantly from the appointment of private counsel in an individual criminal case. Indeed, the appointment of a public defender is of greater benefit to a defendant who is thereby provided counsel who is employed solely in criminal defense work.

*Mears*, 263 Ark. at 842, 569 S.W.2d at 99 (quoting verbatim from *People v. Mullins*, 188 Colo. 29, 532 P.2d 736 (1975)). Our supreme court rejected the argument that the appointment of a public defender is an executive function. "The appointment of a public defender is no more an executive function than is the appointment of an attorney to represent an indigent in an individual case." *Mears*, 263 Ark. at 843, 569 S.W.2d at 99.

In this regard, it is interesting to note Attorney General Opinion No. 97-106 (July 9, 1997). The executive director of the Public Defender Commission posed the following question: "Does the Capital, Conflicts, and Appellate Office have the authority to refuse appointment in capital murder cases?" The Attorney General first reviewed the provisions of Ark. Code Ann. § 16-87-205, which sets forth the situations in which the Office is to be appointed. He concluded as follows:

> If the provisions of . . . § 16-87-205 regarding the Capital, Conflicts, and Appellate Office were construed as allowing any entity other than the court to make the final determination regarding appointment of defense counsel, the statute would be unconstitutional under the holding of *Ball v. Roberts*. Statutory provisions are presumed to be constitutional and must be construed constitutionally if such a construction is possible. I must therefore construe. . . § 16-87-205 as allowing the court to make the final determination, having considered the information presented by the Capital, Conflicts, and Appellate Office regarding its ability to accept the case in question.

Ark. Op. Att'y Gen. 97-106 at 3 (July 9, 1997)(citation and footnote omitted).

In light of the foregoing, the Sebastian County Public Defender's motion deserves our serious consideration. The issue he raises — the provision of counsel for indigent defendants — is a question within the province of the judiciary. The fact that the legislature may have established a public defender system does not remove the ultimate control of this matter from the judicial branch of government. *See Ball, supra; Mears, supra.*

We should certify this motion to the supreme court, as involving an issue of substantial public interest. *See* Ark. R. Sup. Ct. 1-2(a)(17). Our supreme court has general superintending control over the administration of justice in all courts in this state. Ark. Code Ann. § 16-10-101(a) (Repl. 1994). Because this motion raises significant questions concerning the provision of counsel for indigent defendants and the allocation of public defenders among the various judicial districts, it should be submitted to the supreme court for its consideration.

We should not be deterred by the supreme court's denial of a similar motion. That denial could easily have been grounded on something other than a disposition on the merits.

Failing certification, the motion deserves a closer look than the prevailing disposition provides. The Sebastian County Public Defender complains that "inequity in the allocation of public defender positions" has caused his inability to maintain his workload, and to provide the representation that is constitutionally mandated. We do not have a sufficient factual basis to determine whether this is true. If we are not going to certify this matter to the supreme court, we should remand it to the trial court so that a record can be developed concerning the public defender's workload and his ability to serve on appeal as the counsel guaranteed by the United States and Arkansas Constitutions. *Cf. Sanders v. State*, 330 Ark. 851, 956 S.W.2d 868 (1997) (indicating that the supreme court remanded a case to a trial court to conduct a hearing concerning an attorney's obligation to represent a defendant on appeal; after the trial court made its findings, the supreme court disposed of the matter).

NEAL, GRIFFEN, and MEADS, JJ., join.